**Robert Delman HEJL,
Plaintiff-Appellant,**

v.

**The STATE OF TEXAS, Attorney General of Texas and Chairman of State Department of Health, Defendants-Appellees.**

No. 81–1287

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 4, 1982.

Bill Buckner, Georgetown, Tex., for plaintiff-appellant.

Mark White, Atty. Gen., Robert W. Gauss, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

Robert Delman Hejl appeals from the District Court's dismissal, with prejudice, of his six-year old action against the State of Texas and certain of its officers. We find that the District Judge acted well within his power in dismissing the claim, and thus we affirm.

Hejl, the owner of a small business at 4015 South Congress Avenue, Austin, Texas, originally filed suit on May 22, 1975. Although his complaint strayed rather far from the model set by the Federal Rules of Civil Procedure, it appears that he alleged that the State of Texas through state employees had caused property damage and infringed upon his constitutional rights in violation of 42 U.S.C. § 1983.

The facts underlying his claim are as follows. On December 18, 1967, employees of the Department of Health of the State of Texas entered the property on which Hejl's business was located for the purpose of picking up and treating certain cans and bottles. In an excess of zeal, they instead sprayed the premises with a heavy coat of DDT, a toxic chemical spray. Hejl sought and obtained a waiver of sovereign immunity by the Legislature, a necessary pre-condition to filing suit against the state.

Once he filed suit, however, Hejl procrastinated at every step, failing to comply with the many extensions of time which the District Court accorded him. A quick glance at the scoresheet confirms that the District Court properly penalized him for delay of game. On January 28, 1977, the State obtained an order for a more definite statement, the original complaint having failed to meet the requirements for a "simple, concise, and direct" pleading under Rule 8(e), F.R.Civ.P. On September 20, 1979, the State filed a motion to dismiss, having received no legible clarification. On March 7, 1980, Hejl obtained substitute counsel. On July 3, 1980, he was granted a motion for an extension of time. He filed a new motion to extend on July 29, which the court granted on August 12, 1980. On September 23, 1980, he moved to extend in order to clarify his complaint. The court granted that motion on October 7, 1980. On December 17, 1980, the State again moved to dismiss. On January 16, 1981, Hejl again moved to extend, to obtain counsel, to amend, and to clarify. The court granted that motion four days later.

The case was then set for trial on March 2. Did it actually go to trial? No, for on March 2—the trial date—Hejl filed an amended complaint. Finally, on April 10, the District Court, its patience at last worn out, filed a 10-day order of dismissal, but granted Hejl one last chance. If he filed within 10 days a Proposed Pre-Trial Order, the court's order would be void. On April 23, Hejl did file a "Plaintiff's Proposed Pre-Trial Order" and a "Pre-Trial Order". Neither document was signed by his counsel or by the judge, however, nor had Hejl arranged a Pre-Trial Conference meeting of the attorneys as required by local Rule 26(g) of the Western District of Texas. Although Hejl's Pre-Trial Order stated that the Pre-Trial Conference "on this date was held", no such meeting took place. On June 2, therefore, the State moved to strike the Pre-Trial Order. The court granted that motion on June 10 and dismissed Hejl's cause of action, with prejudice, that same date.

■ Although a District Court should be lenient with extensions of time, nothing in the Federal Rules requires it to exhibit the patience of Penelope. The decision to dismiss for failure of prosecution lies within the trial court's discretion and can be reversed only for an abuse of that discretion. *Martin-Trigona v. Morris*, 627 F.2d 680 (5th Cir. 1980); *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978). A severe penalty, to be sure, dismissal under Rule 41(b), F.R.Civ.P. should be imposed "only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967).

■ Yet in these circumstances, we do not believe that the District Court abused its discretion in dismissing the complaint.

It is clear beyond doubt that the District Court assisted Hejl at every turn. By our count, it allowed him to amend his complaint three times, to have an extension four times plus the final 10-day grace period, and to appoint new counsel twice. We are hard pressed to accept Hejl's argument that in these circumstances the court could not conclude that his suit should be dismissed. The clear record of delay affords ample support for the court's decision.

AFFIRMED.