Sam ROGERS, Plaintiff-Appellant,

v.

KROGER COMPANY,
Defendant-Appellee.

No. 80–2090.

United States Court of Appeals,
Fifth Circuit.

March 5, 1982.

Clementine Hannah, Houston, Tex., for plaintiff-appellant.

Bracewell & Patterson, Kelly Frels, Victoria Corcoran, Houston, Tex., for defendant-appellee.

Before CLARK, Chief Judge, GOLDBERG and WILLIAMS, Circuit Judges.

CLARK, Chief Judge:

Sam Rogers appeals the district court's decision to dismiss with prejudice his employment discrimination lawsuit against Kroger Company for failure to prosecute. We hold that the district court abused its discretion in dismissing the action and remand for further proceedings consistent with this opinion.

I

Rogers, represented by William J. Rice, Jr., filed an employment discrimination action against Kroger on May 8, 1978, in the United States District Court for the Southern District of Texas. The complaint, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Section 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, alleged racially discriminatory treatment, purporting to speak for a class of similarly situated blacks. On May 30, 1978, Rogers joined Kroger in a stipulation for an extension of time in which to answer Rogers' complaint. Kroger answered on June 9, 1978, asserting seven defenses and denying most of the factual allegations in the complaint. On October 13, 1978, Kroger filed a notice announcing an oral deposition of Rogers set for October 24, 1978, and requesting the production of certain documents by Rogers. That deposition and production of the requested documents took place as scheduled. The case was then dormant for over a year until the fall of 1979.

On November 5, 1979, the district court issued a docket control order. The order required that various class action allegations and motions be presented by year's end and announced that the case would be subject to a short notice call for trial during January-February 1980. Rogers failed to file a motion for class certification by the court's November 9, 1979, due date. On November 26, 1979, the district court granted Kroger's motion to strike Rogers' class action allegations on the ground of inadequacy of representation, Fed.R.Civ.P. 23(a)(4).

Rogers and Kroger filed an agreed motion for continuance on December 21, 1979. The significant event prompting that motion was Rogers' termination from employment by Kroger sometime after his institution of the lawsuit, which gave rise to a need to amend the complaint and gather evidence regarding the discharge. The district court granted the continuance motion on December 27, 1979. Allegedly unopposed by Kroger, Rogers filed a motion to amend his complaint and filed his First Amended Complaint on January 21, 1980. On that same date, the district court issued its second docket control order. The order called for the filing of a joint pretrial order by February 25, 1980, and set the case for docket call on February 29, 1980, subject to short notice call for trial during March-April 1980.

Rogers' attorney, Mr. Rice, moved for continuance on February 1, 1980, citing his need for more time to complete discovery since the First Amended Complaint was filed so recently. Mr. Rice noted his inexperience in the field and reported that he had secured the assistance of another attorney, Ms. Clementine Hannah. The district court denied the motion for continuance on February 6, 1980. Shortly thereafter, on February 14, 1980, Kroger filed a motion for continuance on the ground that it had no adequate notice of the proposed First Amended Complaint and required additional time to determine whether to oppose the motion to amend or to conduct additional

discovery. On February 22, 1980, the district court (1) granted Kroger's unopposed motion for continuance, (2) extended the time for discovery to March 24, and the time for filing the joint pretrial order to March 28, 1980, and (3) instructed that counsel be ready to proceed to trial in April 1980.

Rogers submitted his first interrogatories on February 29, 1980. Kroger filed its answer to Rogers' First Amended Complaint on March 3, 1980. On March 12, 1980, with the discovery deadline twelve days away, Rogers requested leave under a local rule to file more than thirty interrogatories. The district court granted Rogers' motion on April 3, 1980, nearly ten days after the discovery deadline, and removed the case from the March-April docket. On May 16, 1980, Rogers filed his modified interrogatories. Anticipating a need to analyze Kroger's interrogatory responses and complete discovery, Rogers filed a motion for an extension of time to complete discovery. The district court granted that motion on June 9, 1980, and, in a superseding docket control order the next day, placed the case on the court's September-October docket and set a September 8, 1980, docket call date.

Kroger, on July 23, 1980, filed an unopposed motion for an extension of time in which to answer or object to Rogers' modified interrogatories of May 16. The district court granted the extension to August 15, 1980, and noted that there would be no trial delay. Kroger's thirty-one page (exclusive of exhibits such as computer printouts) response to Rogers' modified interrogatories was filed on August 21, 1980. On September 8, 1980, Rogers, in a motion submitted by his counsel Ms. Hannah, requested an extension of time on the ground that the late date on which the lengthy interrogatory responses were received (ten days after

they were due to be filed) did not allow counsel adequate time to analyze those responses and prepare for trial. The district court that day denied Rogers' motion for an extension of time. On September 9, 1980, the parties were notified that the case was set for trial the following day.

On September 10, 1980, the district court called the case for trial. Ms. Hannah, appearing for Rogers, requested that she be substituted as counsel in place of Mr. Rice and declared herself unprepared to proceed to trial. The district court permitted Ms. Hannah to be substituted for Mr. Rice and requested an explanation for her unpreparedness. Ms. Hannah cited discovery difficulties primarily associated with assimilating Kroger's interrogatory responses and requested a two-week continuance. Counsel for Kroger objected to the motion for continuance and declared herself ready to go to trial. The district court judge then reviewed the lawsuit's history in detail and denied the continuance. The judge noted that Ms. Hannah had been unprepared without cause in a prior case before him and stated that "if it occurs again ... I'm going to take steps to see that you try no cases in this courtroom." [1]

The district court then *sua sponte* raised the issue of whether to dismiss the case for failure to prosecute under Rule 41(b), Fed. R.Civ.P. After affording both sides an opportunity to argue the merits of such a dismissal, and after Kroger orally moved for dismissal, the district court dismissed the case with prejudice under Rule 41(b). Rogers appeals the district court's order.

## II

Rule 41(b) [2] authorizes a district court to dismiss an action for failure to prosecute. A district court may dismiss *sua sponte*, with or without notice to the par-

---

1. The previous incident referred to by the district court resulted in a dismissal with prejudice which was affirmed on appeal by this court in an unpublished, per curiam opinion. *Gee v. Celanese Corp.*, 627 F.2d 237 (5th Cir. 1980) (citing Rule 21, 5th Cir. R., and *Lopez v. Aransas County Indep. School Dist.*, 570 F.2d 541 (5th Cir. 1978)).

2. "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." Fed.R.Civ.P. 41(b).

ties, incident to its inherent powers. *Link v. Wabash Railroad*, 370 U.S. 626, 630–33, 82 S.Ct. 1386, 1389–90, 8 L.Ed.2d 734, 738–39 (1962). In reviewing a district court's decision to dismiss under Rule 41(b), we may reverse only if we find an abuse of discretion. *Id.* at 633, 82 S.Ct. at 1390, 8 L.Ed.2d at 739; *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980). Before evaluating whether the district court acted within the bounds of its discretion, we will review the appropriate legal standard for Rule 41(b) dismissals with prejudice.

■ This circuit has consistently held that Rule 41(b) dismissals with prejudice will be affirmed only upon a showing of " 'a clear record of delay or contumacious conduct by the plaintiff,' . . ., and where lesser sanctions would not serve the best interests of justice." *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir. 1972) (citation omitted); *see also McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. 1981); *Gray v. Fidelity Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981); *Luna v. International Association of Machinists & Aerospace Workers*, 614 F.2d 529, 531 (5th Cir. 1980); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980); *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 212 (5th Cir. 1976); *Brown v. Thompson*, 430 F.2d 1214, 1216–17 (5th Cir. 1970). Although the above factors, clear record of delay and futile lesser sanctions, have been articulated the most consistently, several of our decisions have also inquired into the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct.[3] *See, e.g., McGowan*, 659 F.2d at 557–58 (intentional conduct); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (intentional conduct); *Veazey v. Young's Yacht Sale & Service*, 644 F.2d 475, 477–78 (5th Cir. 1981) (responsibility of plaintiff, intentional conduct, and prejudice to defendant); *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980) (responsibility of plaintiff, intentional conduct, and prejudice to defendant); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d at 248 (responsibility of plaintiff, intentional conduct, and prejudice to defendant); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385–86 (5th Cir. 1978) (responsibility of plaintiff and prejudice to defendant); *Ramsay v. Bailey*, 531 F.2d 706, 709 n.2 (5th Cir. 1976) (responsibility of plaintiff), *cert. denied*, 429 U.S. 1107, 97 S.Ct. 1139, 51 L.Ed.2d 559 (1977); *Graves v. Kaiser Aluminum*, 528 F.2d 1360, 1362 (5th Cir. 1976) (intentional conduct); *Hassenflu v. Pyke*, 491 F.2d 1094, 1095 (5th Cir. 1974) (responsibility of plaintiff); *Delta Theatres, Inc. v. Paramount Pictures, Inc.*, 398 F.2d 323, 325 (5th Cir. 1968) (prejudice to defendant), *cert. denied*, 393 U.S. 1050, 89 S.Ct. 688, 21 L.Ed.2d 692 (1969); *Flaksa v. Little River Marine Construction*, 389 F.2d 885, 889 (5th Cir.) (responsibility of plaintiff), *cert. denied*, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968). The cases in this circuit in which dismissals with prejudice have been affirmed on appeal illustrate that such a sanction is reserved for the most egregious of cases,[4] usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors.[5]

In *Link v. Wabash Railroad*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the Supreme Court narrowly (four to three) approved the district court's dismissal with prejudice of the oldest case on that court's

---

3. For the sake of clarity, we will refer to the latter three factors as aggravating factors.

4. Denials of Rule 41(b) motions to dismiss for failure to prosecute are generally nonappealable. 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* ¶ 41.11[2], at 150–51 (1981). Thus, the appellate cases we have considered do not present a cross-section of Rule 41(b) motion dispositions at the trial court level.

5. We draw the distinction between "requisite" and "aggravating" factors because our most recent decisions have enunciated a test comprehending the "requisite" factors without explicitly explaining the role of the "aggravating" factors. The terms "requisite" and "aggravating" are used because we assume that the presence of the former can alone justify dismissal.

civil docket, one that had been pending for six years. The Court found that the district court was justified because of the plaintiff's attorney's unexplained failure to attend a pretrial conference and his "*deliberately proceeding in dilatory fashion.*" *Id.* at 633, 82 S.Ct. at 1390, 8 L.Ed.2d at 740 (emphasis supplied). There, the clear record of delay was found to have resulted from intentional conduct. In a more recent case, this court affirmed a Rule 41(b) dismissal with prejudice where "counsel *intentionally* failed to cause effectuation of service" for over a year-and-a-half after the complaint was filed. *Veazey v. Young's Yacht Sale & Service,* 644 F.2d 475, 477 (5th Cir. 1981) (emphasis supplied). The court found both delay and intentional conduct, and explicitly pointed to the prejudicial effect of the delay on the defendants. *Id.* at 477–78. The court concluded that a sanction less harsh than dismissal with prejudice would not serve the best interests of justice. *Id.* at 478.

Several of our affirmances of Rule 41(b) dismissals with prejudice involved cases where the clear records of delay were directly attributable to the plaintiffs themselves. *See Martin-Trigona v. Morris,* 627 F.2d 680, 682 (5th Cir. 1980); *Anthony v. Marion County General Hospital,* 617 F.2d 1164, 1168–69 (5th Cir. 1980). In other affirmances, lesser sanctions were imposed to no avail before the district court dismissed with prejudice. *See, e.g., Hejl v. Texas,* 664 F.2d 1273, 1274 (5th Cir. 1982) (conditional dismissal); *Hepperle v. Johnston,* 590 F.2d 609, 613 (5th Cir. 1979) (warning); *Lopez v. Aransas County Independent School District,* 570 F.2d 541, 544 (5th Cir. 1978) (conditional reinstatement); *Ramsay v. Bailey,* 531 F.2d 706, 709 (5th Cir. 1976) (warnings), *cert. denied,* 429 U.S. 1107, 97 S.Ct. 1139, 51 L.Ed.2d 559 (1977); *Maxey v. Citizens National Bank,* 459 F.2d 56, 57 (5th Cir. 1972) (show cause order).

The decisions of this court affirming Rule 41(b) dismissals with prejudice involve egregious and sometimes outrageous delays. *See, e.g., Delta Theatres, Inc. v. Paramount Pictures, Inc.,* 398 F.2d 323 (5th Cir. 1968) (fourteen year old case dormant for seven years), *cert. denied,* 393 U.S. 1050, 89 S.Ct. 688, 21 L.Ed.2d 692 (1969). In short, these are cases where the plaintiff's conduct has threatened the integrity of the judicial process, often to the prejudice of the defense, leaving the court no choice but to deny that plaintiff its benefits.

### III

■ Rogers' case lacks all of the elements that justified dismissal with prejudice in our appellate decisions affirming such Rule 41(b) dismissals. As a result, we conclude that the district court abused its discretion in dismissing Rogers' complaint with prejudice.

First, this case does not involve a clear record of delay by Rogers. Motions for extensions and continuances were propounded by Rogers and Kroger. The sin of delay was attributable overwhelmingly but not entirely to plaintiff's side. Kroger, after getting an extension of time in which to respond to Rogers' modified interrogatories, missed the court's deadline by six days. In fact, it was the delay in receiving those responses that Rogers cited to justify his request for additional time in which to prepare to go to trial. Although the case had been pending for well over two years, the parties joined issue on the amended complaint a mere six months prior to dismissal. We do not commend Rogers' counsel, neither of whom was an exemplar of efficiency, but their conduct simply did not equal the delinquencies that this court has found amount to a clear record of delay in affirming other Rule 41(b) dismissals with prejudice.

Second, there is nothing in the district court's order and opinion or the record indicating that less severe sanctions were considered and found to be futile or contrary to the interests of justice. Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a

court's undoubted right to control its docket. *See, e.g., McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 557 & n.1 (5th Cir. 1981); *Burden v. Yates,* 644 F.2d 503, 505 (5th Cir. 1981); *Silas v. Sears, Roebuck & Co.,* 586 F.2d 382, 385 n.3 (5th Cir. 1978); *Woodham v. American Cystoscope Co.,* 335 F.2d 551, 557 (5th Cir. 1964); 9 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2369, at 196–98 (1971); Comment, *Involuntary Dismissal for Disobedience or Delay: The Plaintiff's Plight,* 34 U.Chi.L. Rev. 922, 929–38 (1967); Comment, *Dismissal for Failure to Attend a Pretrial Conference and the Use of Sanctions at Preparatory Stages of Litigation,* 72 Yale L.J. 819, 829–31 (1963). The district court could very well have found one or more of these sanctions efficacious in this case.

▪ A clear record of delay coupled with tried or futile lesser sanctions will justify a Rule 41(b) dismissal with prejudice. Both of those elements are missing here. Furthermore, the three aggravating elements, at least one of which was present in most of the prior dismissals we affirmed, are not implicated in this case. These factors, plaintiff culpability, prejudice to defendant, and intentional conduct by plaintiff or counsel, will be considered briefly.

▪ First, there was no evidence that Rogers himself was personally responsible for any delay. While we are mindful of the fact that a client is to be held accountable for his attorney's conduct, *see Link v. Wabash Railroad,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734, 740 (1962), we have been less willing to affirm the harsh sanction of dismissal with prejudice where the plaintiff was not actually culpable, *Blois*

*v. Friday,* 612 F.2d 938, 940 (5th Cir. 1980). *See* 9 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2370, at 201 n.86 (1971) ("Though recognizing the principle stated in the *Link* case, many courts have thought it advisable to impose some lesser sanction than dismissal where the fault is with the attorney rather than the client."). The district court judge, during the trial proceedings, explicitly noted his impatience with Rogers' substitute counsel and her dilatoriness in an earlier case, and threatened to exclude her from his court in the future if she did not mend her ways. Yet the court allowed her to be substituted for prior counsel. There was no finding that Rogers sought the change in counsel for the purpose of delay. This being so, counsel's record of delay in earlier cases should not be attributed to the plaintiff and he should not be penalized for the actions (or inaction) of his attorney in earlier cases. The record fails to indicate that the aggravating circumstance of direct plaintiff culpability was present in this case.[6]

Second, Kroger has offered no evidence that it has suffered actual prejudice by any delay caused by Rogers and his counsel. This factor, as with that of plaintiff's personal culpability, is by no means dispositive, but has been an aggravating factor justifying dismissal with prejudice in our earlier cases. *See, e.g., Veazey v. Young's Yacht Sale & Service,* 644 F.2d 475, 477–78 (5th Cir. 1981). Requiring Kroger to defend this lawsuit will not result in prejudice. It will only require that Kroger expend funds necessary to present a defense.[7]

Finally, while the record is replete with incidents of the plaintiff's attorneys' ineptitude or negligence, or both, there is no

---

6. The judge's remarks excoriating Ms. Hannah coupled with the lack of any specific notice to Rogers that delay was occurring inform our conclusion that the judge viewed Ms. Hannah and not Rogers as being blameworthy. We noted earlier that some form of attorney discipline is a sanction less severe than dismissal with prejudice. While we express no opinion on the propriety of attorney discipline in this case, it would ordinarily be the most just initial sanction where the attorney is primarily to blame for the delay.

7. "It is said that prejudice may be presumed from an unreasonable delay. Nevertheless it remains the policy of the law to favor the decision of cases on their merits. This must be weighed against any presumed prejudice to the defendant and the court may decide to excuse plaintiff's lack of diligence in the absence of any actual prejudice to the defendant." 9 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2370, at 216–17 (1971) (footnotes omitted).

evidence that Rogers, Rice, or Hannah engaged in intentional or purposeful delaying tactics.

The conclusion drawn from the factor-by-factor analysis that dismissal with prejudice was inappropriate is further supported by a recent decision of this court. In *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554 (5th Cir. 1981), we reversed the district court's dismissal of an employment discrimination action that had been pending for about two years. The district court entered what amounted to a final termination of the action on the grounds of failure to prosecute and failure to follow court orders. The plaintiff took no depositions, engaged in no discovery, exchanged no exhibits, filed his first pretrial order six days late and his proposed findings of fact and conclusions of law forty-three days late, and failed to reimburse defendant for certain discovery costs. *Id.* at 556. On appeal, this court held that the facts did not amount to a clear record of delay and that lesser sanctions should have been employed. *Id.* at 557–58. We are hard-pressed to draw a distinction between *McGowan* and the instant case that is meaningful enough to justify a different result. In both cases, the harsh sanction of a dismissal that extinguished any hope that the merits of plaintiff's claim would be heard was simply inappropriate. *See also Hildebrand v. Honeywell, Inc.*, 622 F.2d 179 (5th Cir. 1980) (reversing the dismissal of a claim that had lain dormant for over two years).

## IV

In sum, we find that dismissal with prejudice was not justified by the record in this case. Striking a balance between the interests of having cases tried on their merits and of allowing trial courts to resolve them speedily is no easy task.[8] In this case, we conclude that the district court struck the balance incorrectly and abused its discretion. On remand, the district court is free to impose sanctions less severe than a dismissal which terminates plaintiff's rights [9] insofar as it deems such sanctions necessary "to achieve the orderly and expeditious disposition of cases" on its docket. *Link v. Wabash Railroad*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734, 738 (1962). Accordingly, this case is

**REVERSED AND REMANDED.**

8. Justices Harlan and Black eloquently discussed the merits of those interests in *Link v. Wabash R. R.* and disagreed as to which interest should be weighted more heavily. Justice Harlan favored granting greater discretion to the trial court "to achieve the orderly and expeditious disposition of cases." 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734, 738. Justice Black placed greater emphasis on the interest in having federal cases tried on their merits. *Id.* at 648, 82 S.Ct. at 1398, 8 L.Ed.2d at 748 (Black, J., dissenting); *see generally* Kaufmann, *The Federal Civil Rules and the Pursuit of Justice*, in *Hugo Black and the Supreme Court* 221–44 (S. Strickland ed. 1967). The debate is essentially an attempt to reconcile the goals enunciated in Rule 1, Fed.R.Civ.P. ("These rules . . . . shall be construed to secure the just, speedy, and inexpensive determination of every action."). Judge Hutcheson best summed up our circuit's approach to the Federal Rules when he wrote that "[t]he Federal Rules of Civil Procedure indicate a general policy to disregard technicalities and form and to determine rights of litigants on the merits and to that end the rules are liberally construed." *Hambrice v. F. W. Woolworth Co.*, 290 F.2d 557, 559 (5th Cir. 1961), *citing Fakouri v. Cadais*, 147 F.2d 667, 669 (5th Cir.), *cert. denied*, 326 U.S. 742, 66 S.Ct. 54, 90 L.Ed. 443 (1945).

9. Although in many cases a dismissal without prejudice is considered a less severe sanction than a dismissal with prejudice, and may be imposed under Rule 41(b) with the prospect of less exacting appellate review, such an alternative is unavailable in this case. This is so because the statutes of limitations have run on Rogers' claims, thus rendering dismissals with or without prejudice equally severe. *See McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556–57 (5th Cir. 1981); *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 212–13 (5th Cir. 1976).