In re Heino ARHENS, Debtor.

BANQUE de PARIS et des PAYS–BAS (SUISSE) S.A., Plaintiff,

v.

Heino ARHENS, ITOC Internationale Transporte Und Oelhandel GMBH Hamburg, ITOC International Company, Ltd., Nassau, and ITOC Petroleum Corporation.

Bankruptcy No. 83–00810–H3–7.
Adversary No. 83–0594.
(Formerly Civ. A. No. H–88–3585).

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

June 11, 1990.

Hayden Burns, Leon V. Komkov, Butler & Benion, Houston, Tex., for plaintiff.

Russell D. Weaver, Hollrah, Lange & Thomas, Houston, Tex., for trustee and ITOC Petroleum Corp.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

The court has considered the Motion to Dismiss filed by Banque de Paris et des Pays–Bas (Suisse) S.A. and the objection filed by ITOC Petroleum Corporation and Robbye R. Waldron, the Trustee of ITOC's bankruptcy case, and the evidence adduced at hearing. The Motion to Dismiss is granted. The following constitute Findings of Fact and Conclusions of Law pursuant to Federal Rules of Civil Procedure 52, B.R. 7052 in this adversary proceeding.

To the extent any findings of fact herein are construed to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law herein are construed to be findings of fact, they are hereby adopted as such.

### Findings of Fact

Banque de Paris et des Pays–Bas (Suisse) S.A. ("Paribas") commenced this case in Texas state court on February 11, 1983, against Heino Arhens ("Arhens") and three related companies, ITOC Internationale Transporte und Oelhandel GMBH Hamburg ("ITOC Hamburg"), ITOC International Company, Ltd., Nassau ("ITOC, Nassau"), and ITOC Petroleum Corporation ("ITOC"). ITOC Hamburg and ITOC Nassau were subsequently declared bankrupt and put into receivership in Germany.

Arhens filed for Chapter 11 bankruptcy in this court on February 21, 1983. Case No. 83–00810–H3–7. In connection with the Arhens bankruptcy, the state court action filed by Paribas was removed to this court and docketed as this Adversary Proceeding, No. 83–0594. On March 9, 1983,

ITOC filed an answer in the Adversary Proceeding and counterclaimed for ten million dollars in damages for alleged breach of contract and fraud.

Between March, 1983, and September, 1983, the parties undertook discovery. This is reflected in the docket sheet for this Adversary Proceeding.

On September 1, 1983, ITOC filed a petition for relief under Chapter 11 in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, Case No. 83–03685–H2.

After ITOC filed bankruptcy, the only activity reflected in the docket sheet for this Adversary Proceeding during the next four and one half years consisted of the filing of three notices of Deposition, none of which were taken (Docket Nos. 51, 52, and 53, and Amended Answer to Motion to Dismiss, page 4, Docket No. 85), and a notice of Change of Address (Docket Nos. 54 and 55).

On November 4, 1987, the Arhens bankruptcy was converted to a liquidation under Chapter 7. The Trustee's report of May 18, 1988, reported no distribution to creditors, and Arhens was discharged on May 24, 1988 (Arhens bankruptcy case Docket Nos. 43, 52, 53).

On February 29, 1988, the Judge in the ITOC Bankruptcy main case issued an Order to Show Cause why the ITOC bankruptcy should not be converted or dismissed due to "no substantial activity in the case," ITOC's failure to file operating reports, and ITOC's failure to file a disclosure statement or a plan of reorganization in the course of over four years in bankruptcy (ITOC bankruptcy case Docket No. 27). On April 29, 1988, the ITOC bankruptcy was converted to a Chapter 7 liquidation (ITOC bankruptcy Docket No. 31).

Pursuant to General Order No. 87–12, signed September 30, 1987, the District Court withdrew the reference on this Adversary Proceeding among others, and set a general dismissal docket.

On February 17, 1988, the District Court issued a notice of its intention to dismiss the instant Adversary Proceeding (Adver-

sary Docket No. 56). ITOC and Paribas filed motions to retain which were set for hearing. Paribas subsequently withdrew its Motion.

Following the hearing, the District Court entered a Final Judgement of Dismissal on April 15, 1988 (Adversary Docket No. 62). On April 15, 1988 ITOC moved for reconsideration of the District Court's dismissal of the Adversary Proceeding. The District Court denied the motion on August 22, 1988. ITOC subsequently appealed the dismissal to the Fifth Circuit. On April 7, 1989 the Court of Appeals vacated and remanded for reconsideration the dismissal of ITOC's counterclaim.

On October 23, 1989, the District Court referred this Adversary Proceeding to this Bankruptcy Court. On November 20, 1989, Paribas filed a motion to dismiss for want of prosecution in this court.

### Conclusions of Law

■ A court may take judicial notice of its own records. *Securities & Exchange Commission v. First Financial Group of Texas*, 645 F.2d 429, 433 (5th Cir.1981). This court may take judicial notice of the docket entries and pleadings filed in civil actions, bankruptcy cases, and adversary proceedings in this District.

■ A dismissal with prejudice for failure to prosecute is an extreme and harsh sanction. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir.1988); *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir.1982). The imposition of dismissal with prejudice requires "both (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction would not better serve the best interests of justice." *McNeal v. Papasan*, 842 F.2d at 790; *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir.1985); *Rogers v. Kroger Co.*, 669 F.2d at 321. Furthermore, to support dismissal with prejudice, the record should reflect the existence of one of the following aggravating factors: the plaintiff's personal contribution to the delay; the defendant's actual prejudice because of the delay; and delay that can be characterized as intentional. *Markwell v. County of*

*Bexar*, 878 F.2d 899, 902 (5th Cir.1989); *McNeal*, 842 F.2d at 790; *Sturgeon*, 778 F.2d at 1159; *Rogers*, 669 F.2d at 320.

■ The Fifth Circuit has held that delay which warrants dismissal with prejudice must be longer than just a few months, and the delay must be characterized by significant periods of total inactivity. *McNeal*, 842 F.2d at 791 (citing *John v. Louisiana*, 828 F.2d 1129, 1131 (5th Cir.1987); *Morris v. Ocean Systems, Inc.*, 730 F.2d 248, 252 (5th Cir.1984). Such inactivity is amply reflected in the docket of this Adversary Proceeding. ITOC neglected its counterclaims in this case by failing to actively pursue any discovery or file any pleadings for four and one-half years after the adversary proceeding was commenced. ITOC's filing of three notices of deposition (which depositions were not taken), and a change of address, and making an allegation of telephone inquiries, do not overcome this demonstrated delay. In addition, it is to be presumed that witnesses' memories fade, and they may become unavailable through death, distance, or otherwise in a lawsuit seven years old. *See*, e.g., *United States v. Hastings*, 847 F.2d 920, 929 (1st Cir. 1988) *cert. denied*, 488 U.S. 925, 109 S.Ct. 308, 102 L.Ed.2d 327; *Zagano v. Fordham University*, 900 F.2d 12 (2nd Cir.1990). Counsel have represented that this is so in the instant case.

To support dismissal with prejudice, the facts should reflect delay combined with one of the aggravating factors set forth above. During the interim period between the commencement of the adversary proceeding and the dismissal of it by the District Court, ITOC became a Chapter 11 debtor, was converted on April 29, 1988 to a Chapter 7 liquidation after failing to show any substantial activity (Docket No. 27).

The only remaining assets of the estate of ITOC are two lawsuits: this adversary proceeding and another lawsuit. The other lawsuit has been reduced to judgement and it appears the judgement defendant has no assets (ITOC's Amended Answer to Motion to Dismiss, page 3, (Docket No. 85, Adver-

sary No. 83–0594)). ITOC's delay beyond a time when ITOC had any tangible assets deprived Paribas of any recovery from ITOC on Paribas' original claim, and effectively eliminated Paribas' claim and any incentive for Paribas to push for trial of the case. The current absence of Paribas' claim does not lessen the prejudice to Paribas already incurred as a result of ITOC's delay.

■ The dismissal of an action with prejudice is warranted if a lesser sanction would not serve the best interests of justice. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir.1988); *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir.1985); *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir.1982). Some of the lesser sanctions a court might consider include assessments of fines, costs, or damages, or attorney disciplinary measures, dismissal without prejudice, and explicit warnings. *Rogers*, 669 F.2d at 321.

Any monetary sanctions against ITOC are ineffective since ITOC's only valuable asset is this action. Sanctions would not overcome the prejudice to Paribas arising from ITOC's delay in this proceeding. Assessments of fines, disciplinary measures, and warnings will not restore assets, now depleted, that ITOC once had. Lesser sanctions cannot reverse the detriment and prejudice to Paribas arising from the passage of time and depletion of ITOC's assets.

Based on the foregoing, this court finds that Banque de Paris et des Pays–Bas' motion to dismiss should be granted. A separate Judgement will be entered by the court pursuant to the court's Findings of Fact and Conclusions of Law.