**Ronnie GIST**

v.

**Carlos LUGO et al.**

No. 9:93–CV–227.

United States District Court,
E.D. Texas,
Lufkin Division.

March 22, 1996.

Ronnie D. Gist, Richmond, TX, pro se.

April Lavonda Smith, Attorney General's Office, Criminal Law Enforcement, Division L.E.D.D., Austin, TX, for defendants.

### MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

HEARTFIELD, District Judge.

Plaintiff Ronnie Gist, an inmate at Jester IV Unit, proceeding *pro se,* brings this suit claiming violations of his Eighth Amendment right to be free from cruel and unusual punishment. He alleges defendants used excessive force against him on September 5, 1993 at the Eastham Unit.

The court heretofore referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge on January 5, 1996 submitted a report recommending that defendants' motion to dismiss the case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute be granted.

The court has received and considered the Report and Recommendation of the United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings, and all available evidence. No objections to the Report and Recommendation were filed by the parties.[1]

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED.** A final judgment will be entered in this case in accordance with the magistrate judge's recommendations. The order referring this case to the magistrate judge is hereby **VACATED.**

## *REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE RECOMMENDING THAT DEFENDANTS' JULY 28, 1995 RULE 41(B) MOTION TO DISMISS BE GRANTED*

HINES, United States Magistrate Judge.

### I. Introduction

Pending is defendants' July 28, 1995 motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff, Ronnie D. Gist, an inmate with the Texas Department of Criminal Justice—Institutional Division, brings this civil rights action pursuant to 42 U.S.C. § 1983 against various prison officials. Plaintiff alleges that he was escorted by Sgt. Lugo to the prison chow hall on September 5, 1993. Plaintiff claims he was attacked, causing him to become unconscious and sustain injury.

This action was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate, dated July 30, 1980, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

For the reasons expressed below, defendants' motion to dismiss should be granted.

### II. Proceedings Relevant to the Pending Motion

The proceedings to date are, in the aggregate, indicative of much patience the court has displayed with respect to plaintiff and of the accommodation it has made to account for his *pro se* status. The following synopsis of relevant events, which demonstrates both plaintiff's failure to guide his case to a speedy resolution and his defiance of court orders, forms the basis of the undersigned's recommendation of dismissal:

On February 24, 1994 the undersigned entered an "Order Governing Disclosures." The order, noting that the case was assigned to a "disclosure only" discovery track, emphasized the importance of automatic disclo-

1. The court does note that the court clerk has received from plaintiff two submissions which were sent subsequent to receipt by plaintiff of the magistrate judge's report. The first submission, dated February 5, 1996, is a duplicate of a piece of correspondence received by the court on November 27, 1995 which appears to seek instruction from the clerk in framing a response to one of defendants' requests to plaintiff to respond to questions promulgated by the magistrate judge in a January 24, 1995 order granting defendants' motion for more definite statement. As noted in the magistrate judge's report, plaintiff never responded to the court's questions, and defendants thereafter moved to compel responses to questions 6, 7, and 8. This motion was partially granted on June 29, 1995. As outlined in the magistrate judge's report, this order, too, was never complied with. Further proceedings are outlined in the magistrate judge's report. The February 5, 1996 submission reads in part: "Plaintiff is unsure ... what the defendant[s] are requesting, or what document they are referring to."

This untimely duplicate correspondence does not address the merits of the magistrate judge's January 5, 1996 report and cannot be considered an "objection." Moreover, the claim that plaintiff was unfamiliar with the questions propounded in the order granting motion for more definite statement lacks credibility. The docket reflects that plaintiff signed for that order on February 7, 1995. Further, the substance of the questions to which defendants sought answers was set forth, by question number and summary, in orders dated June 29, 1995 and August 21, 1995.

Nor does the second submission received by the court since receipt by plaintiff of the January 5, 1996 report constitute an "objection" to that report, as it in no way addresses that report. That second submission, which was received February 9, 1996, is simply a duplicate of a response filed on July 13, 1995 to defendants Byrd and Wells' May 17, 1995 motion to dismiss, which the magistrate judge recommended be denied.

sure in the case. Attached to the order as exhibits were samples of witness lists and exhibit lists to guide the *pro se* plaintiff in complying with the automatic disclosure requirements. The order recited that failure of either party to comply with automatic disclosure provisions could lead to a recommendation of dismissal for failure to prosecute.

Defendants turned over extensive disclosure materials to plaintiff on two separate occasions. Plaintiff has had disclosure material from defendants since December, 1994, but defendants have not to date received *any* disclosure from plaintiff.

On January 24, 1995 the undersigned granted defendants' motion for a more definite statement. Plaintiff was ordered to furnish defendants by the end of February, 1995 with a more detailed factual discussion of his claim. To aid the plaintiff in this task, the court posed eight questions which were to be answered in the more detailed discussion. Plaintiff did not timely comply with this order. Plaintiff was advised of the possibility of dismissal pursuant to Rule 41(b) if he failed to comply with the order.[1]

Defendants never received answers to the questions posed in the order granting the motion for a more definite statement. Three of the questions, numbers 6, 7, and 8, were of

particular importance to defendants. They thereafter moved to compel plaintiff to respond. The court on June 29, 1995 partially granted defendants' motion and ordered plaintiff to fully respond to questions 6 and 7 before July 17, 1994.[2] Plaintiff did not comply with this order.

Defendants then on July 28, 1995 moved to dismiss for failure to prosecute. The court expressly deferred consideration of this Rule 41(b) motion in an order dated August 21, 1995 and again gave plaintiff a chance to respond to these questions. The August 21, 1995 order directed plaintiff to answer questions 6 and 7 on or before September 1, 1995. Plaintiff did not comply with this order.

One of the defendants was originally identified as "M. Phone." In fact, the proper name of the prison official allegedly involved is "Michael Rhone." Michael Rhone had been identified in disclosure materials provided by defendants to plaintiff as early as December 8, 1994. On July 6, 1995 the court entered an order to plaintiff requiring him to show cause why defendant Rhone could not be identified and served and to show cause why "M. Phone" should not be dismissed. Plaintiff did not respond to this show cause order.[3]

Keeping in mind plaintiff's *pro se* status, the court ordered that the first draft of the

1. In fact, on March 16, 1995 the undersigned did file a report recommending dismissal pursuant to Rule 41(b). After plaintiff filed objections to that report, the report was withdrawn on April 19, 1995. According to the order withdrawing the March 16 report, plaintiff had filed an amended complaint on January 6, 1995. In withdrawing the report, the undersigned found it at least arguable that plaintiff could have reasonably assumed that his amended complaint excused him from complying with the order granting the motion for a more definite statement received just a few weeks later. Especially significant was the fact that plaintiff had just completed major surgery at the time of receipt of the order granting the motion for a more definite statement, and it was likely that "his hospitalization and surgery forced his legal activities from the foreground of his mind." April 19, 1995 Order Withdrawing Report of Magistrate Judge at 3. Plaintiff finally filed a "Supplemental Complaint" on May 30, 1995, although that pleading, too, failed to fully answer the questions set out in the order granting the motion for a more definite statement.

2. Question six asked plaintiff to list by name and furnish a physical description all witnesses to the

incident and of all defendants. Question seven asked plaintiff to describe the outcome of any disciplinary charges conducted after the alleged attack and to comment on why plaintiff considered such allegations false. The court denied the motion with respect to the eighth question because, on reconsideration, it found the question to be relevant only to a matter not placed in issue by plaintiff.

3. It should be noted in plaintiff's favor that he had moved on June 5, 1995 to amend his complaint to correct the name from "Phone" to "Rhone" and to make other changes. The court inadvertently misread plaintiff's motion to amend as a desire to simply reiterate his original claims, and denied the request as untimely in an order dated June 29, 1995. Rhone was ultimately added and Phone dismissed in an August 22, 1995 order. Although plaintiff did attempt to correct the problem, it is nevertheless true that he ignored the July 6, 1995 show cause order when he could have easily clarified the problem for the court.

joint final pretrial order be compiled by defendants and forwarded to plaintiff for revision. Defendants complied with this order and carefully marked the places where insertion of plaintiff material was required (stipulations of fact, list of plaintiff witnesses, and list of plaintiff exhibits). Plaintiff simply signed the document and returned it to defendants without making the appropriate insertions.

On September 1, 1995 defendants moved to strike four entries from the docket for failure of plaintiff to furnish defendants with copies of these items. The court on September 8, 1995 denied defendants' motion to strike, and instead ordered the clerk of the court to furnish defendants with copies of these items. In so doing, the court admonished plaintiff for failing to adhere to local court rules requiring the filing of court papers.

On November 7, 1995 the court entered an order to the parties announcing that the time had come for it to revisit the July 28 motion to dismiss for failure to prosecute. The parties were ordered to "notify this court by written communication on or before November 27, 1995 of the manner in which they have complied with disclosure requirements and the degree to which the opposing side has complied." On November 20, 1995 the court received defendants' response. Defendants listed the disclosure they had provided and the dates on which it was made. They announced that they had received nothing in the way of disclosure from plaintiff and re-urged their motion. Plaintiff did not respond to the court's November 7 order, or to the defendants' response re-urging the motion to dismiss.

### III. Discussion

A district court may, either *sua sponte* or upon motion of a defendant, dismiss an action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) when a plaintiff fails to prosecute his or her case.[4]

The decision to grant a motion to dismiss for failure of prosecution lies within the court's discretion and can be reversed only for an abuse of that discretion. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *Hejl v. Texas*, 664 F.2d 1273 (5th Cir.), *cert. denied*, 456 U.S. 933, 102 S.Ct. 1987, 72 L.Ed.2d 452 (1982); *Hulsey v. Texas*, 929 F.2d 168, 170 (5th Cir.1991).

Nevertheless, the Fifth Circuit has recognized that a dismissal with prejudice for failure to prosecute is an extreme sanction which is to be used only when the integrity of the judicial process is threatened by plaintiff's conduct in such a way that the court is left with no choice except to deny that plaintiff its benefits. *See, e.g., McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir.1988); *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir.1985); *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir.1982). To impose such a sanction, this circuit requires (1) that the history of the particular case disclose a clear record of delay or contumacious conduct by the plaintiff and (2) and finding by the district court that a lesser sanction would not prompt diligent prosecution or that lesser sanctions were employed and proved futile. *See, e.g., Berry v. CIGNA/RSI-Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992); *McNeal*, 842 F.2d at 790. In addition, one of three aggravating factors is typically required. *Berry*, 975 F.2d at 1191; *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir.1985). One of these aggravating factors—delay caused by the plaintiff himself and not his attorney—is obviously established in this case as plaintiff is *pro se*. The other factors—actual prejudice to the defendant and delay resulting from intentional conduct—are arguably also present.

#### A. Contumacious Conduct

A quick survey of the record shows that plaintiff ignored at least six court orders.[5] He has committed other acts of non-

---

4. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits. Fed.R.Civ.P. 41(b).

5. In the interest of avoiding repetition these are referred to here by date: February 24, 1994;

compliance with local court rules by failing to participate in the drafting of a joint final pretrial order, by wholly failing to comply with disclosure requirements, and by failing to serve the opposing side with copies of at least four papers filed with the court. He was alerted of the possibility of dismissal of his case at least four times by the court, and still he refused to comply with disclosure requirements and with court orders. As a result of his actions, the lawsuit has been pending for nearly 2½ years without defendants having received a single piece of disclosure. The word "contumacious" is defined as "obstinately disobedient or insubordinate: recalcitrant." [6] The undersigned has little difficulty finding that plaintiff's conduct rises to this level.

### B. Prior Sanctions Unsuccessful or Unlikelihood of Success of Less Severe Sanctions

The court has attempted the lesser sanction of clearly warning plaintiff that he risked dismissal pursuant to Rule 41(b) for failure to prosecute if he did not comply with court orders. As noted, Rule 41(b) dismissal was discussed in four separate court orders. For example, the court in its January 24, 1995 order setting forth the series of questions to be answered by plaintiff clearly warned plaintiff that failure to comply with the order "may lead to a recommendation that the lawsuit be dismissed, with or without prejudice, for failure to prosecute or obey an order of the court." Order Granting Defendant Lugo's Motion for a More Definite Statement at 3. The specter of involuntary dismissal again loomed in the court's August 21, 1995 order—the third order to deal with defendants' motion for a more definite statement. Yet reference to the recently-filed motion to dismiss, coupled with knowledge that the court was exercising restraint and deferring consideration of that motion, was not sufficient to compel plaintiff to comply with the order. Even the court's November 7, 1995 order—essentially a reminder to the parties that the Rule 41(b) motion was pending and an invitation for input as to the parties' compliance—was insufficient to elicit either a response or action from plaintiff. This fairly standard prisoner lawsuit has been pending for well over two years, yet no action by the court or by the defendants has been successful in eliciting compliance by plaintiff with this district's disclosure requirements.

Although a district court may properly dismiss a suit where, as here, lesser sanctions have proved futile, *Callip,* 757 F.2d at 1521; *Hornbuckle v. Arco Oil & Gas Co.,* 732 F.2d 1233, 1237 (5th Cir.1984), the court nevertheless proceeds to examine the feasibility of other sanctions. The sanction of deeming certain matters established for purposes of this litigation is not practicable in this case, as the orders that have generated noncompliance do not concern discrete factual issues. Rather, plaintiff's conduct affects the defense of the entire case; plaintiff has not disclosed any evidence and has refused to so much as provide defendants with witness and exhibit lists. Further, the court is unconvinced that monetary sanctions will have much effect given plaintiff's incarcerated status and his absolute disregard for court orders to date.[7]

### IV. Recommendation

Defendants' motion to dismiss this lawsuit with prejudice pursuant to Federal Rule of Civil Procedure 41(b) should be granted.

### V. Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after

---

January 25, 1995; June 29, 1995; July 6, 1995; August 21, 1995; November 7, 1995.

**6.** Webster's II New Riverside University Dictionary 307 (2d ed. 1988).

**7.** *Cf. Robinson v. Morgan,* 160 F.R.D. 665, 666 (E.D.N.C.1995) (dismissal proper sanction under Rule 41(b) for inmate plaintiff who committed discovery violations; "[g]iven plaintiff's refusal to cooperate, even in the face of a court order, it is difficult to see that any lesser sanction will serve the intended purpose").

service shall bar an aggrieved party from *de novo* review by the district judge of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1988); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir.1988).