# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2024

Lyle W. Cayce
Clerk

No. 23-60625

Jordan Properties, Limited,

*Plaintiff—Appellant*,

*versus*

City of Cleveland, Mississippi,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:22-CV-193

_____

Before Wiener, Elrod, and Wilson, *Circuit Judges*.
Per Curiam:*

Plaintiff-Appellant Jordan Properties, Limited ("Jordan Properties") appeals the district court's grant of judgment on the pleadings in favor of Defendant-Appellee the City of Cleveland, Mississippi ("the City") and the subsequent dismissal of its claims with prejudice. Finding no error, we AFFIRM.

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60625

## I. Background

Jordan Properties owned property with a rental house on it in the City. Finding the property to be in need of cleaning,[1] the City ultimately demolished the rental house, prompting Jordan Properties to file claims in state court against the City and unknown individual City employees because the demolition occurred without the requisite notice under state and federal law. The City removed the action on the basis of federal question jurisdiction. Thereafter, the City filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The district court granted the motion but provided Jordan Properties the opportunity to seek leave to amend its complaint to cure the pleading deficiencies associated with its federal *Monell* claim against the City. After Jordan Properties failed to properly seek leave to amend on three occasions, the district court entered final judgment in favor of the City, dismissing all of Jordan Properties's claims with prejudice.[2] Jordan Properties timely appealed.[3]

---

[1] According to the complaint, "necessary cleaning include[es] . . . removing any dilapidated buildings, rubbish, cutting weeds and grass, removing fences, outside toilets, and personal property."

[2] While the § 1983 procedural due process claims against the unknown City employees were not expressly dispensed with by the district court's judgment, those individuals were never made party to the action. Therefore, the judgment as to the City was final and appealable. *See Ins. Co. of N. Am. v. Dealy*, 911 F.2d 1096, 1099 (5th Cir. 1990) ("[U]nserved defendants are not parties for purposes of Rule 54(b) and a judgment does not lack the finality necessary for appeal merely because claims against unserved defendants are unresolved."). In short, although we have jurisdiction over the judgment between Jordan Properties and the City, Jordan Properties's claims against the individual City employees are not before us on appeal.

[3] On appeal, Jordan Properties does not contest the dismissal of its state law claims against the City.

## II. Standard of Review

"A [Rule] 12(c) motion for judgment on the pleadings is . . . reviewed de novo, and the 12(c) standard 'is the same as that applied to Rule 12(b)(6).'" *Guerra v. Castillo*, 82 F.4th 278, 284 (5th Cir. 2023) (quoting *Vardeman v. City of Houston*, 55 F.4th 1045, 1049 (5th Cir. 2022)). "To survive a Rule 12(c) motion, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 284–85 (quoting *Laviage v. Fite*, 47 F.4th 402, 405 (5th Cir. 2022)). We accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *Id.* at 284. Nevertheless, "we do not accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Id.* (citation omitted). "Additionally, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). In evaluating whether a plaintiff's complaint survives a motion for judgment on the pleadings, we are limited to reviewing: "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Id.* (quoting *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)).

## III. Analysis

Jordan Properties raises two issues on appeal: whether the district court erred in (1) concluding that Jordan Properties failed to adequately plead a 42 U.S.C. § 1983 *Monell* claim against the City, and (2) dismissing Jordan Properties's complaint with prejudice after giving it three opportunities to amend the pleading. We address each in turn.

## A. Dismissal of the *Monell* Claim Against the City

Jordan Properties contends that it adequately pleaded a § 1983 *Monell* claim against the City. As we have explained:

> In *Monell v. Department of Social Services*, the Supreme Court held that municipalities may be sued under § 1983 but cannot be held liable for acts of their employees under a theory of *respondeat superior*. Rather, to state a claim against a municipality under *Monell* and its progeny, [a plaintiff] must plead that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right."

*Id.* at 777 (first citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), then quoting *Davidson v. City of Stafford*, 848 F.3d 384, 395 (5th Cir. 2017)). Relevant to its *Monell* claim, Jordan Properties alleges the following:

> Jordan Properties was deprived of its property by the City and John Doe Defendants acting under color of state law.

> The actions of the City and John Doe Defendants violated the due process clause of the Fourteenth Amendment to the United States Constitution.

> Upon information and belief, the deprivation was caused by an official act of the City, by final policymakers, or both.

Jordan Properties makes no additional effort to substantiate these threadbare approximations of the *Monell* liability standard. This is plainly insufficient. *See Johnson v. Harris County*, 83 F.4th 941, 945 (5th Cir. 2023) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (quoting *Peña v. City of Rio Grande*, 879 F.3d 613, 618 (5th Cir. 2018))). For example, Jordan Properties does not allege an official municipal policy—such as the City's hiring untrained employees or ordering demolition of blighted structures without complying with notice requirements—in satisfaction of the first prong of the *Monell* theory of liability.

The complaint simply alleges that "the deprivation was caused by an official act of the City, by final policymakers, or both." "Because [Jordan Properties] fails to adequately plead an official policy, we need not address the second or third elements." *Gomez*, 18 F.4th at 777.[4] In short, the district court did not err in granting the City's motion for judgment on the pleadings as to Jordan Properties's *Monell* claim.

## B. Dismissal of the Claims Against the City with Prejudice for Jordan Properties's Failure to Properly Amend its Complaint

Although the district court granted the City's motion for judgment on the pleadings, it had provided Jordan Properties with an opportunity to seek leave to amend its complaint. It further cautioned Jordan Properties that, if it "fail[ed] to seek leave to amend or if it is ultimately determined [that] amendment would be futile, judgment will be entered for the City on the federal claim." Although Jordan Properties's first attempt to amend was denied for failure to adhere to the local rules of the district court, it was given a second opportunity to "file a renewed request for leave to amend." Jordan Properties's second attempt was again denied for its failure to adhere to the local rules, but it was given yet another opportunity to properly file a motion for leave to file an amended complaint. Likewise, the district court denied Jordan Properties's third and final attempt due to its violation of two separate local rules: "Because the Court has given Jordan Properties three opportunities to properly seek leave to amend its complaint and Jordan Properties still has not properly done so, no further opportunities will be provided." Consequently,

---

[4] Even if Jordan Properties had adequately alleged an official municipal policy, the complaint is devoid of factual allegations corroborating the assertion that the policy "was the moving force behind the violation of a constitutional right." *Gomez*, 18 F.4th at 777 (citation omitted).

the district court dismissed Jordan Properties's claims with prejudice and entered final judgment in favor of the City.

The district court did not cite the rule under which the action was dismissed with prejudice. Rule 15(a) provides that leave to amend is usually granted freely, unless there is reason to deny it "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Separately, Rule 41(b) states in part that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). We have "consistently held that Rule 41(b) dismissals with prejudice will be affirmed only upon a showing of a clear record of delay or contumacious conduct by the Plaintiff, . . . and where lesser sanctions would not serve the best interests of justice." *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) (citation and internal quotation marks omitted). Indeed, "most of the cases affirming dismissals with prejudice have involved the presence of one or more of three 'aggravating factors': (1) delay attributable directly to the plaintiff, rather than his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional conduct." *Callip v. Harris Cnty. Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985) (citing *Rogers*, 669 F.2d at 320).

Here, the district court did not explicitly justify its decision to dismiss Jordan Properties's claims with prejudice on any of the aforementioned grounds. Nor is it clear from the record that any basis for dismissal with prejudice obtains. Thus, based on our precedents, we cannot agree that dismissal with prejudice was warranted. Accordingly, we AFFIRM IN PART,

No. 23-60625

REVERSE IN PART, and REMAND the case with instructions to dismiss Jordan Properties's claims without prejudice.