Reba GREEN, et al.

v.

AMOCO OIL COMPANY.

No. CIV.A. G–96–560.

United States District Court, S.D. Texas.

April 14, 1997.

Jesus Sotelo, Pharr, TX, for plaintiffs.

Mark A. Cantu, McAllen, TX, for intervenors-plaintiffs.

James B. Galbraith, McLeod Alexander Powel & Apffel, Galveston, TX, for defendant.

## PARTIAL ORDER OF DISMISSAL WITH PREJUDICE

KENT, District Judge.

This case involves a substantial number of claims arising from two separate toxic releases occurring in Texas City, Texas. More than 300 Plaintiffs are involved in this case, as well as over a thousand intervention claims. The Plaintiffs are presently represented by Attorney Jesus Sotelo, of Houston, Texas. The intervention claims are allegedly represented by Attorney Mark A. Cantu, of McAllen, Texas. For the reasons herein set out, all intervention claims not heretofore referred to Attorney Cantu, by Attorney Sotelo are herewith DISMISSED WITH PREJUDICE, with each party to bear his, her or its own taxable costs and expenses incurred herein to date, *subject to Intervenor's counsel's consideration of moving the Court for reconsideration upon specific terms, as herein provided.*

This case was originally filed in the 56th Judicial District Court of Galveston County, Texas. It was timely removed by Defendant on October 4, 1996, over six full months ago. Intervenors had previously intervened in the State Court action, but counsel for Intervenors has *never* filed an appearance of record in this Court, in violation of the Local Rules. *See* Rule 2(A) of the Local Rules.

Following timely removal of this case, to this Court, Defendant propounded written discovery to all Plaintiffs and Intervenors on October 21, 1996. Responses thereto were due, pursuant to the Federal Rules of Civil Procedure, by November 22, 1996. Plaintiffs' counsel promptly contacted defense counsel, in order to work out a time frame for the provision of responses, and necessary extensions. No Intervenor has ever responded to the outstanding discovery, no contact has ever been made between counsel for Intervenors and counsel for Defendant regarding agreeable extensions or the like, and no Intervenor has ever sought an extension or filed any objections to such discovery with this Court. Consequently, all Intervenors now stand in stark and blatant violation of the time frame in which to file responses. *See* Fed.R.Civ.P. 26(b), 31(a), 33(b), 34(b), 36(a) and 37.

The Court heretofore set a Rule 16 scheduling conference, in this case, on March 7, 1997. Counsel for Plaintiffs appeared as did counsel for Defendant. Because counsel for Intervenor had never bothered to file an appearance of record with this Court, it remains unclear as to whether he actually received notice of that hearing. In consideration thereof, the Court simply noted that Mr. Cantu was absent from the March 7, 1997 hearing, and issued no sanctions in his regard. Both counsel for Plaintiffs and coun-

sel for Defendant were ordered by the Court, immediately following the March 7, 1997 Rule 16 conference, to proceed to the Clerk's office, to file a written notice of appearance on behalf counsel for Intervenor. This was done by both of them.

During the March 7, 1997 hearing, the Court established firm docket control deadlines, particularly including the obligation on the part of all Plaintiffs and Intervenors to submit responses to outstanding written discovery no later than the close of business on April 11, 1997. Counsel for Defendant served upon Attorney Cantu, both by certified mail, return receipt requested, and facsimile transmission, a letter on March 11, 1997, advising him as to the deadlines established in the March 7, 1997 hearing, and informing him of his obligations in regard thereto. An executed receipt showing that such letter was received by Mr. Cantu's office on March 18, 1997, was produced during the hearing and the fax copy showed transmittal and receipt on the date of issue, March 11, 1997. Again, Mr. Cantu declined to respond in any way. He never contacted defense counsel seeking an extension, and never moved for any relief before this Court. April 11, 1997, came and went without the submission of *any* written discovery responses on the part of *any* Intervenor, whatsoever.

Subsequently, Plaintiffs' counsel moved for an extension of time in which to file responses to outstanding written discovery. This was denied. In an Order entered on April 4, 1997, the Court again admonished the parties about the rapidly approaching discovery deadline. All counsel, including Mr. Cantu, received a copy of said Order. Again, Mr. Cantu remained utterly silent, although Plaintiffs' counsel filed a motion for reconsideration, which the Court felt to be particularly persuasive. That was set for hearing. Notice was provided to all counsel that the matter was set for hearing at 8:30 A.M., on April 11, 1997, and *all* counsel were instructed to be here. Counsel for Plaintiffs appeared, as did counsel for Defendant. Counsel for Intervenor again did not appear. In order to make a determination as to why Mr. Cantu had again chosen to absolutely ignore his obligations before this Court, the Court took it upon itself to suspend the hearing and to contact his office, through the Court's secretary. The Court's secretary contacted his office, who advised that Mr. Cantu had allegedly erroneously scheduled this matter for 3:30 P.M., rather than 8:30 A.M. Given the background of this case, the Court frankly finds that excuse to be remarkably unpersuasive. Moreover, even if true, if counsel is going to be so irresponsible as to mishandle settings before United States District Courts, he does so at his own peril.

Simply put, from the standpoint of all intervention claims, this case has been appallingly badly handled. Counsel for Intervenor has *never* bothered to file an official appearance of record before this Court, as required of all counsel. This had to be done in his behalf by the other attorneys in this case. He has never bothered to communicate with defense counsel, or to seek any relief from outstanding discovery, answers to which are now overdue by more than four months. While his failure to appear at the March 7, 1997 hearing may be excusable, his failure to appear at the hearing before the Court on April 11, 1997, certainly is not. Taken in the totality of the circumstances of this case, Attorney Cantu's complete inaction and inattention on behalf of the interests of his claimants has been willful, flagrant and in stark violation of the Federal Rules of Civil Procedure, the Local Rules of this Court, and the obligations of all counsel to behave as Officers of this Court. It is accordingly

ORDERED, ADJUDGED and DECREED that pursuant to applicable provisions of Rule 37 of the Federal Rules of Civil Procedure, the 226 intervention claims referred by Mr. Sotelo to Mr. Cantu remain pending before the Court. However, in regard thereto, Mr. Cantu is now permanently excused as counsel, and relieved of all further responsibility in the matter. Those cases are hereby ORDERED to be referred back to Mr. Sotelo, who shall have responsibility to submit discovery in a timely fashion, in regard thereto. Mr. Sotelo is hereby ORDERED to file an appearance of record for those 226 Plaintiffs, by the close of business on April 18, 1997. FAILURE TO DO SO WILL RESULT IN THE DISMISSAL OF

THOSE 226 CLAIMS, WITH PREJUDICE. It is further

ORDERED, ADJUDGED and DE-CREED that again pursuant to Rule 37 of the Federal Rules of Civil Procedure, all other intervention claims heretofore asserted in this case, are hereby DISMISSED WITH PREJUDICE, with each party to bear his, her or its own taxable costs and expenses, incurred herein to date. IN THE ALTER-NATIVE, within ten (10) days of the date of this Order, Attorney Cantu is hereby given leave to move for reconsideration of such Order. However, it is expressly ORDERED that if Attorney Cantu elects to do so, he further will agree to pay a fine of $25,000.00, for blatant and willful disregard of this Court's Orders, and his obligations pursuant to the Federal Rules of Civil Procedure, as regards manifest discovery abuses.[1] *Only* in that event, the Court will allow him to participate as counsel in the case, and will reinstate each remaining Intervenor's claim, with the requirement that such $25,000.00 fine be paid within ten (10) days of the date of the Court's Order granting any motion to reconsider. THESE DEADLINES WILL NOT BE EX-TENDED FOR ANY REASON WHATSO-EVER. Attorney Cantu will thereafter remain in strict compliance with the time frames and deadlines herein established, or again he will be removed from this case with the dismissal of each and all of his intervention claims. If he elects to stay in this case, subject to paying the stated fine, he will scrupulously abide by this Court's further Orders and will timely attend to his obligations pursuant to the Federal Rules of Civil Procedure, like all the rest of the thousands of attorneys who yearly appear before this Court. FAILURE TO DO SO AT ANY TIME IN THE FUTURE WILL RESULT IN HARSH SANCTIONS, UP TO AND IN-CLUDING HIS INCARCERATION.

By Ordering the foregoing, this Court is adhering to its longstanding requirement for all attorneys who practice before it to abide by their lofty obligations as counsel in United States District Courts. While the Court recognizes that the foregoing sanction might appear initially harsh, the Court is giving each of the Intervenors an opportunity for reconsideration, upon the assumption that Attorney Cantu will take personal responsibility for his own egregious inactions. If he elects not to do so, each of the dismissed Intervenors can be made whole by asserting malpractice claims against Mr. Cantu. This is the best possible balance the Court can fashion between its obligations to ensure timely proceedings before this Court, and exercising the most compassion possible for those appearing through either incompetent or recalcitrant counsel.

The Court has also set extended deadlines for the submission of answers to written discovery, and related matters, and all of these deadlines will be entered as docket control notations in the Record of this case, copy to be sent to all counsel of record. ALL COUNSEL WILL ABIDE BY ALL DEADLINES THUS ESTABLISHED. NO EXTENSIONS THEREOF WILL BE GRANTED FOR ANY REASON WHATSO-EVER.

IT IS SO ORDERED.

---

1. This might seem like a lot of money, However, as noted, Mr. Cantu has asserted more than 1,000 claims. If he recovered an average of only $5,000.00 on each, the gross recovery would be $5,000,000.00. Even with a conservative contingent fee, his remuneration would exceed $1,500,- 000.00. Against this backdrop, the Court needs to fashion a sanction that is not so high as to be unduly punitive, but sufficient to get Mr. Cantu's full attention. $25,000.00 is in the low end of an acceptable range, to accomplish such dual purposes, in the Court's view.