**Richard GAYDEN,**

v.

**GALVESTON COUNTY, TEXAS and Galveston County Juvenile Probation Department.**

**No. Civ.A. G–97–132.**

United States District Court,
S.D. Texas,
Galveston Division.

Feb. 13, 1998.

Marlene Dancer Adams, Attorney at Law, Houston, TX, for Richard Gayden.

Donald S. Glywasky, Galveston County Legal Dept., Galveston, TX, for Galveston County Texas, Galveston County Juvenile Probation Department.

### ORDER CONDITIONALLY GRANTING MOTION TO ALTER OR AMEND THE SUBSTANCE OF THE JUDGMENT AND ASSESSING SANCTIONS

KENT, District Judge.

In this case, Plaintiff Gayden brings claims pursuant to Title VII of the Civil Rights Act of 1964, alleging racial discrimination and retaliation against his former employer. On January 8, 1998, the Court entered an order of Dismissal for Want of Prosecution, due to the failure of Plaintiff or his counsel, Marlene Dancer Adams, to appear for a docket call in this matter. An Order setting such docket call for 9:00 a.m., January 8, 1998 was issued

on December 10, 1997 and communicated to counsel for both Plaintiff and Defendants. Docket calls are critical in this Court because of its long-standing practice of setting precise trial dates and the consequent "ripple effect" that uncertainty in one case causes in all subsequent cases. Moreover, this Court conducts settlement conferences in *all* cases called, and the failure to appear of both counsel and client utterly frustrates that important goal.

The Court dismissed this case pursuant to Rules 16(f) and 37(b)(2)(C) of the Federal Rules of Civil Procedure. However, while genuinely irritated, the Court did not elaborate, and it did not enter a Final Judgment, fully expecting an apologetic Motion to Reinstate, forthwith. Indeed, on the very day of the initial Order of Dismissal, the Court continued to address procedural matters, denying Plaintiff leave to amend. As discussed *infra*, however, and to the astonishment and intense irritation of the Court, Plaintiff's counsel filed a Motion that arrogantly and unapologetically diverts all responsibility for the mistake from herself, and condescendingly informs the Court that its Order was unjustified and beyond the scope of the Court's power.

Now before the Court is Plaintiff's Motion to Alter or Amend the Substance of the Judgment, filed January 22, 1998. For the reasons stated below, the Court hereby **CONDITIONALLY GRANTS** Plaintiff's Motion, expressly conditioned upon payment by Plaintiff's counsel of a fine and Defendant's expenses and attorney's fees, as stated herein. IF FULL PAYMENT OF BOTH THE FINE AND THE ASSESSED COSTS AND ATTORNEY'S FEES IS NOT MADE WITHIN THE TIME LIMIT SPECIFIED BY THE COURT, PLAINTIFF'S MOTION WILL BE **DENIED.**

### I. STANDARD FOR INVOLUNTARY DISMISSAL

Rule 16(f) provides for the imposition of various sanctions for violations of scheduling and other pretrial Orders of this Court. That Rule states:

(f) Sanctions. If a party or party's attorney fails to obey a scheduling or pretrial order, *or if no appearance is made on behalf of a party at a scheduling or pretrial conference,* or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or his own initiative, may make such orders with regard thereto as are just and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

FED.R.CIV.P. 16(f) (emphasis added). For the violation of a Rule 16 Order, a district court may, *inter alia,* order the dismissal of a claim and the payment of the opposing party's expenses, including attorney's fees. FED.R.CIV.P. 37(b)(2)(C); *see F.D.I.C. v. Conner,* 20 F.3d 1376, 1380 (5th Cir.1994). Rule 16, and Rule 37 incorporated therein by reference, merely make explicit this Court's discretionary power to control the expeditious disposition of docketed cases; this power has long been recognized by appellate courts. *See, e.g., Link v. Wabash R. Co.,* 370 U.S. 626, 629–30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

▆▆▆ A district court may also impose lesser sanctions than involuntary dismissal, including conditional orders of dismissal or various types of disciplinary action directed at the offending attorney, including a fine, a finding of contempt, or a prohibition against practicing before the court for a specified period of time. *See Silas v. Sears, Roebuck & Co., Inc.,* 586 F.2d 382, 385 n. 3 (5th Cir.1978); *see also Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir.1982); *Woodham v. American Cystoscope Co.,* 335 F.2d 551, 557 n. 15 (5th Cir.1964). An appellate court re-

viewing a dismissal pursuant to Rule 16 and Rule 37 does not ask whether it would have imposed the same sanction as the district court; instead, the proper inquiry is whether the district court abused its discretion in imposing that sanction. *See F.D.I.C.,* 20 F.3d at 1380; *see also National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976) (per curiam); *Topalian v. Ehrman,* 3 F.3d 931, 934 (5th Cir.1993).

The Court understands that the law favors the resolution of legal claims on their merits. *See In re Dierschke,* 975 F.2d 181, 183 (5th Cir.1992). A dismissal with prejudice " 'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim.' "[1] *Callip,* 757 F.2d at 1519 (quoting *McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554, 556 (5th Cir.1981)). Moreover, this Court is cognizant of Fifth Circuit precedent which clearly states that "sanctions should not be used lightly, and should be used as a lethal weapon only under extreme circumstances." *E.E.O.C. v. General Dynamics Corp.,* 999 F.2d 113, 119 (5th Cir.1993); *see also Hornbuckle v. Arco Oil & Gas Co.,* 732 F.2d 1233, 1237 (5th Cir.1984) ("When lesser sanctions have proved futile, a district court may properly dismiss a suit with prejudice.").

The Fifth Circuit has articulated several factors that must be present before a district court may dismiss a case with prejudice as a sanction for violating that court's orders or rules. First, "dismissal with prejudice typically is appropriate only if the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct." *Coane v. Ferrara Pan Candy Co.,* 898 F.2d 1030, 1032 (5th Cir.1990). "Contumacious" is defined as "obstinately disobedient or insubordinate: recalcitrant." *See Gist v. Lugo,* 165 F.R.D. 474, 478 (E.D.Tex.1996). The Court must also

---

**1.** The Court did *not* dismiss the case with prejudice, but, based on Plaintiff's representations, dismissal of this case without prejudice is equivalent to dismissal with prejudice, because the statute of limitations has expired on Plaintiff's cause of action. In light thereof, the Court here presents a "with" prejudice analysis so that the Circuit may consider this Court's actions in a real-world light.

Moreover, the Court did not even intend initially to fully dispose of the matter. It entered an Order of Dismissal as a long-proven "attention getter" and fully expected a typical motion to reinstate with a brief apology and acknowledgment of error therein recited. However, none was forthcoming.

find that lesser sanctions would be inappropriate or futile. Finally, the Fifth Circuit has required that at least one of the following three aggravating factors be present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Berry v. CIGNA/RSI–CIGNA,* 975 F.2d 1188, 1191 (5th Cir.1992) (quoting *Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir.1986)); *Callip,* 757 F.2d at 1519. A review of the cases from the Fifth Circuit reveals that "dismissal with prejudice is reserved for 'the most egregious circumstances.'" *Callip,* 757 F.2d at 1519 (quoting *Rogers v. Kroger Co.,* 669 F.2d 317, 320 (5th Cir.1982)). However, the Fifth Circuit has affirmed dismissal of cases where the conduct was not attributable to the plaintiff, and the defendant was not prejudiced. *See Price,* 792 F.2d at 475.

Although the sanction of dismissal is a harsh one, the Supreme Court has admonished that "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases." *National Hockey League,* 427 U.S. at 643, 96 S.Ct. at 2781. Indeed, the Fifth Circuit has also recognized that the most severe in the spectrum of sanctions provided by statute or rule *must* be available to the District Court in appropriate cases, not only to penalize those whose conduct may be deemed to warrant such a sanction, but also to deter those who might be tempted to such conduct in the absence of such a deterrent. *See F.D.I.C.,* 20 F.3d at 1383. It is imperative to promote the orderly progress of litigated cases that district courts have the power to invoke punitive instrumentalities. These sanctions must be potent enough to be efficacious, but also narrowly tailored to serve only their necessary function. The Court understands that the right to sue is a valuable right that cannot lightly be exterminated; however, in order to ensure swift and effective justice, Orders of the Court must be obeyed when issued, and sanctions for violating such Orders must be imposed without an explicit prior warning or a litany of precautionary instructions.

## II. ANALYSIS

Several aspects of Plaintiff counsel's handling of this case warrant the harsh sanction of dismissal. First, in support of her Motion to Alter or Amend the Court's Judgment, Plaintiff's counsel attempts to lay the blame for her failure to appear on this Court's own Magistrate Judge, alleging that "Plaintiff recalls Magistrate Froeschner stating that docket call would be the day after the joint pre-trial order was due, or January 15, 1998, since the joint pre-trial order guides the Court at docket call as to issues and settlement possibilities."

In Defendants' Supplemental Response to Plaintiff's Motion, Defendants have provided the Court with a transcript of the hearing on December 30, 1997 held before Magistrate Judge John R. Froeschner. The transcript unequivocally refutes Plaintiff counsel's bold assertions that the Magistrate Judge rescheduled the docket call. Judge Froeschner stated:

> I'll move the pretrial order deadline 'til the 14th at noon because the next day at 11 is when we're going to have the pretrial conference and I don't want to get it at 9:30 in the morning. So by noon I want the pretrial order here.... *Other than that, everything else will remain as is.*

(emphasis added). The transcript squarely capsizes Plaintiff's argument that counsel failed to appear for the docket call because of internal incompetence on the part of the Court. Any incompetence, in fact, belongs to Plaintiff's counsel, who apparently does not know the difference between a docket call and a pretrial conference. Rather than clear up any confusion with the Magistrate Judge's Orders, Plaintiff's counsel chose to rely on her own, glaringly incorrect, interpretation. When that interpretation proved faulty, she placed the blame elsewhere. Her conduct is cowardly and inexcusable.

In addition to attempting to cast doubt on this Court's internal competence, Plaintiff's conduct in this case shows a clear record of delay. The record demonstrates that Plaintiff's counsel has been dilatory in all aspects of preparation for this case. Plaintiff conducted no discovery until the issuance of her first discovery document eleven days before

the close of discovery. Interrogatories from Defendants went unanswered for nearly two months, despite continued assurances to Defendants that answers were forthcoming, and despite Rule 33(b)(3)'s mandate that answers be served within 30 days after service of interrogatories. Further, with trial in this case scheduled for January 20/26, 1998, Plaintiff attempted to amend the Complaint on January 6, 1998. Plaintiff's history of dilatory conduct exhibits a clear record of delay and justifies sanctions. *See Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir.1985).

Although counsel for Plaintiff presents a complete, and remarkably condescending, dissertation informing the Court of the limits of its own powers and duties in ordering sanctions, the Court finds that the conduct presented here clearly justifies a sanction potent enough to fulfill Rule 16's goal of "encourag[ing] forceful judicial management" of litigation, as well as "improving the quality of the trial through more thorough preparation," and "facilitating the settlement of the case." *See* Advisory Committee on Rules, Notes to 1983 Amendment; FED.R.CIV.P. 16(a)(2), (4), (5). The Court hereby expressly finds that counsel's conduct in this case presents a clear record of delay, contumacious conduct, incompetence, bad faith, and a complete disrespect for both the Magistrate Judge and this Court. Furthermore, the Court finds that the conduct of Plaintiff's counsel, in attempting to mislead this Court, was intentionally deceptive and in bad faith.

Notwithstanding the preceding findings, the Court is loathe to impose a sanction as harsh and Draconian as dismissal. Two factors in this case mitigate for a conditional grant of Plaintiff's Motion. First, the Court is unable to find that imposing a lesser sanction would not have the desired effect of compelling steadfast compliance with the Court's Orders and the Rules in the future. Second, there is no indication that Plaintiff is in any way responsible for the delay and his counsel's failure to appear at docket call, or her dumbfounding intransigence in explaining such. The Court truly wishes to avoid inflicting an injustice on Plaintiff for conduct that is attributable solely to his counsel, and

is acutely sensitive to the compelling interest in allowing Plaintiff the right to have his claims adjudicated on the merits, despite his poor choice of counsel. In this case, dismissal would punish the Plaintiff for actions attributable solely to his attorney. Based on the totality of the circumstances, the Court feels that the better course is to assess a fine against Plaintiff's counsel and compel her payment of Defendants' reasonable costs and fees, in order to alert her to the deficiencies in her handling of this matter, to compel compliance with the Court's Orders, and to encourage accurate citation of the facts, particularly when dealing with the Court and its internal mechanisms.

In fact, this Court readily and routinely imposes much lesser sanctions when lawyers fail to comply with the Rules and Orders of the Court. When lawyers fail to appear, the Court typically fines the offending counsel $250 in lieu of dismissal, upon payment of which the case is typically reinstated, albeit with a postponed trial date. In fact, the Court would have been pleased to do so here, upon receipt of a reasonable motion, and had, even on the day of dismissal, instructed its Case Manager to watch for one. In this case, however, instead of just apologizing and taking reasonable responsibility for her mistake, Plaintiff's counsel has flatly and blatantly misrepresented to this Court the statements of its trusted and extremely competent United States Magistrate Judge, and utterly and adamantly refused to take any responsibility for her own ineptitude. Furthermore, she has compromised the ability of this Court to effectively manage its own docket, by failing to appear for a critical proceeding shortly before trial, and insolently refuses to take any responsibility therefore. These factors, while insufficient to justify dismissal *at this juncture*, clearly justify a harsher sanction than this Court typically imposes. Therefore, the Court chooses instead to conditionally grant Plaintiff's Motion to Alter the Judgment, pending payment by Plaintiff's counsel of a $5,000 fine to the Court, and pursuant to Rule 16(f), her payment of Defendants' costs and attorney's fees

in the amount of $2,500.[2] Such a sanction is warranted by the facts and the troubling nature of Plaintiff's conduct and attitude in this case. *See, e.g., Green v. Amoco Oil Co.,* 172 F.R.D. 217, 219 (S.D.Tex.1997) ($25,000 fine for failure to appear at a scheduling conference and a hearing, and failure to respond to discovery requests); *Bullard v. Chrysler Corp.,* 925 F.Supp. 1180, 1190 (E.D.Tex.1996) ($2,500 fine for withdrawal from representation, without an evidentiary basis for a statement that the client would not be prejudiced by the withdrawal); *Carroll v. Jaques,* 926 F.Supp. 1282 (E.D.Tex. 1996), *aff'd, Carroll v. Jaques Admiralty Law Firm, P.C.,* 110 F.3d 290 (5th Cir.1997) (exercising district court's inherent power to sanction bad faith conduct by imposing fine of $7,000 for defendant's conduct during deposition); *Hilgeford v. Peoples Bank, Inc.,* 113 F.R.D. 161 (N.D.Ind.1986) ($1,000 fine for Rule 11 sanctions). MOREOVER, IN THE EVENT THAT PLAINTIFF FAILS TO PAY THE FINE OR REIMBURSE DEFENDANTS, APPLICATION OF THE FACTORS CONSIDERED FOR INVOLUNTARY DISMISSAL TO THE PROCEDURAL FACTS OF THE CASE AT BAR DICTATE THAT DISMISSAL WOULD BE JUSTIFIED.

Accordingly, the Court hereby **ORDERS** Plaintiff's counsel, Marlene Dancer Adams, to tender a fine of $5,000 to the Court, in the form of a certified check made payable to the United States District Clerk, and to reimburse Defendants for their reasonable expenses in the amount of $2,500, also by certified check, tendered to Defense counsel, by the close of business on February 27, 1998. These payments are to be funded by counsel for Plaintiff solely and personally; Plaintiff's counsel is *not* to seek reimbursement from Plaintiff, nor is she to seek reimbursement from settlement proceeds or in any other manner from Defendants. FAILURE TO ABIDE BY THESE SANCTIONS WILL BE TREATED AS AN ACT OF CRIMINAL CONTEMPT, FOR WHICH HARSH SANCTIONS MAY ISSUE, UP TO INCARCERATION.

The Court expressly finds that no lesser sanction would suffice to sanction Plaintiff's counsel for her impudent pattern of delay, her blatant misrepresentations to the Court, her craven attempt to place blame on the Magistrate Judge, her total failure to take responsibility for her own blunder, and the consequent waste of time and expense incurred by Defendants and by the Court. Upon timely receipt of the assessed fine by the Clerk's office, and of attorney's fees (inclusive of costs) by Defendants, Plaintiff's Motion to Alter or Amend the Substance of the Judgment will be **GRANTED,** and the January 9, 1998 Order of the Court dismissing Plaintiff's case for want of prosecution will be **VACATED.** The case will be reinstated on the Court's trial docket, and a supplemental status conference will be set for August 7, 1998, at 10:30 a.m. ALL PREVIOUS DEADLINES IN THE CASE WILL REMAIN IN FULL FORCE AND EFFECT, AND DISCOVERY WILL REMAIN OFFICIALLY AND FIRMLY CLOSED. HOWEVER, SHOULD PLAINTIFF'S COUNSEL FAIL TO MAKE TIMELY PAYMENT OF THE FINE TO THE COURT OR OF ATTORNEY'S FEES TO DEFENDANTS, THE MOTION TO ALTER OR AMEND THE SUBSTANCE OF THE JUDGMENT WILL BE **DENIED,** AND PLAINTIFF'S CLAIMS WILL BE **DISMISSED** PURSUANT TO RULES 16(f) AND 37(b)(2)(C).

As a final note, the Court warns that henceforth Plaintiff's counsel would do well

---

**2.** The $2,500 figure is a conservative estimate of the total expense Defendants have incurred in responding to Plaintiff's Motion, in futilely preparing for and showing up for docket call, and for the delays which Plaintiff counsel's actions have created in the adjudication of this case. The Court estimates that Defendants' counsel expended at least 10 hours dealing with this matter, in addition to the expenses of preparing affidavits, exhibits, and procuring a copy of the transcript of the hearing before Judge Froeschner. Beyond the clear mandate of Rule 16(f) that the Court "shall require" Plaintiff's counsel to pay Defendants' reasonable expenses, such payment is especially justified where, as here, Defendants' expenses are borne by taxpayers. The $5,000 fine imposed by the Court represents twice the amount of Defendants' reasonable expenses, and is intended as a punitive sanction and as recovery of the costs of Court incurred in dealing with this frustrating matter.

to act with a modicum of respect, common sense, and humility with regard to this and the Magistrate Court. Her Pyrrhic victory in this matter stands as proof that she could have saved incalculable inconvenience and expense for herself, her client, Defendants, and this Court, had she been reasonable and cooperative rather than impudent and accusatory. The Court will hereafter scrutinize her work product and conduct with intense care, and any further behavior will be dealt with promptly and appropriately. If counsel chooses to act maturely and professionally, she will be treated accordingly. If she chooses to continue to behave like a truculent five-year old child, she will receive a commensurate response. This Court has one of the largest civil dockets in the country, and can ill afford to divert precious judicial resources for this sort of utter foolishness. But if it is required to do so again in the future, it will, with genuine enthusiasm.

**IT IS SO ORDERED.**