Olivia S. WAUHOP, Plaintiff–Appellant,

v.

**ALLIED HUMBLE BANK, N.A.,**
Defendant–Appellee.

No. 89–2454
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 15, 1991.

Robert M. Wood, Kingwood, Tex., for plaintiff-appellant.

Douglas E. Hamel, Vinson & Elkins, Houston, Tex., for defendant-appellee.

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Plaintiff-appellant Olivia S. Wauhop sued Allied Humble Bank, her former employer, alleging violations of Title VII and the Equal Pay Act for paying her less than male employees for substantially equal work and of the Fair Labor Standards Act (FLSA) for constructively discharging her in retaliation for complaining of such pay discrimination. Notwithstanding Wauhop's original demand for "a trial by jury of all claims so triable," the district court conducted a bench trial of all claims. The court entered judgment for Wauhop on some claims and awarded her nearly $50,-000, including attorneys' fees. Wauhop appeals only the denial of a jury trial of her FLSA claim. We affirm.

## I.

The relevant facts take little space. At the pretrial conference, the district court inquired whether the case was to be tried by a jury or not. After sorting through Wauhop's various claims, the court concluded, on the authority of *Lynch v. Pan American World Airways, Inc.*, 475 F.2d 764 (5th Cir.1973) (per curiam), that Wauhop was not entitled to a jury trial at all. It left open the possibility, however, that it might be convinced otherwise (emphasis added):

> THE COURT: If you are entitled to a jury, just make a jury demand. I will put it on the non jury docket. And then you make a jury demand, or a motion, file a motion for a jury and that way I will address the issue, okay, with your brief, and we will take a look at it.
>
> . . . . .
>
> ... I will give you 45 days ... to file that motion. *Otherwise, I will consider that you have acquiesced to my ruling and waived your jury. Okay?*
>
> [WAUHOP'S COUNSEL]: *Yes, sir.*

The court's statements to the clerk indicated that the case would be designated on the docket as non-jury.

## II.

■ We begin our analysis with Fed.R. Civ.P. 39(a), which governs jury trial procedure:

> When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that the right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States.

The district court was entitled under Rule 39(a)(2) to find that the right of trial by jury of Wauhop's claims did not exist. Certainly, the court's numerous references to *Lynch v. Pan American* during the pretrial conference indicate the court's initial belief that Wauhop could not have a jury trial. Such a belief was undoubtably reinforced by her counsel's observation that Wauhop sought "equitable relief." To resolve the issue, the court offered Wauhop the opportunity to submit within 45 days a brief supporting her jury demand. Wauhop's counsel agreed to this procedure.

Thus, on the whole record, the exchange between the court and Wauhop's counsel is best characterized as an "oral stipulation made in open court and entered in the record" that had the ultimate effect of waiving Wauhop's right to a jury trial under Rule 39(a)(1). Counsel essentially made a conditional oral stipulation: I waive my client's right to a jury trial, *unless* I file a motion and brief within 45 days, in which case I do not waive such right. The oral exchange was memorialized in the pretrial conference order: "Plaintiff is given leave to file a motion for jury trial and brief in support thereof by February 18, 1986.... Failure to move for a jury in compliance with this order shall be considered a waiver of jury trial." The order also recited: "This case shall be set for (Court/~~Jury~~) Trial October 6, 1986 at 9:30 a.m." These entries are sufficient to comply with Rule 39(a). *See, e.g., Field Eng'g & Equip, Inc. v. Cargill, Inc.*, 651 F.2d 589, 592 (8th Cir.1981); *United States v. Missouri River Breaks Hunt Club*, 641 F.2d 689, 693 (9th Cir.1981).

"[A]s the right of jury trial is fundamental, [and] courts indulge every reasonable presumption against waiver," *Aetna Ins. Co. v. Kennedy ex rel. Bogash*, 301 U.S. 389, 393, 57 S.Ct. 809, 811–12, 81 L.Ed. 1177 (1937), we examine the waiver with an eye to fairness to Wauhop as well as to the technical requirements of procedural rules. Forty-five days is more than sufficient time to file a motion of this kind and complexity. Wauhop never filed a motion requesting a jury. She agreed to a joint pretrial order declaring that trial "will be Court Trial." She filed a joint status letter that recited that the case was assigned to the non-jury

docket, but made no objection to the assignment. Finally, Wauhop made her first objection ever to a bench trial on the day of trial itself, some nineteen months after the district court asked for her motion. In this case, any presumption against Wauhop's waiver would be unreasonable.

## III.

■ Because we conclude that Wauhop waived her right to a jury trial, we do not decide whether she was constitutionally entitled to a jury trial of her FLSA claim. We do note, however, the Supreme Court's recent reiteration that "[w]hen legal and equitable claims are joined in the same action, 'the right to jury trial on the legal claim, including all issues common to both claims, remains intact.'" *Lytle v. Household Mfg., Inc.,* —— U.S. ——, 110 S.Ct. 1331, 1335, 108 L.Ed.2d 504 (1990) (quoting *Curtis v. Loether,* 415 U.S. 189, 196 n. 11, 94 S.Ct. 1005, 1009 n. 11, 39 L.Ed.2d 260 (1974)). Courts must be careful to afford jury trials in accordance with *Lytle* when legal claims are properly joined with Title VII claims.

The judgment of the district court is AFFIRMED.