**Henry Lee DORSEY, Plaintiff–Appellant,**

v.

**SCOTT WETZEL SERVICES, INC.
& Planet Insurance Co.,
Defendants–Appellees.**

No. 95–20702
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 31, 1996.

Philip Elwin Parker, Dallas, TX, for Henry Lee Dorsey, plaintiff-appellant.

Diana Kay Ball, Houston, TX, for defendants-appellees.

J. Robert McKissick, Houston, TX, for defendant.

Before WIENER, PARKER and DENNIS, Circuit Judges.

PER CURIAM:

I.

Henry Lee Dorsey ("Dorsey") filed this insurance "bad faith" case in Texas state court in March of 1994. The case was removed to federal district court based upon the court's diversity jurisdiction. On July 15, 1994, the district court held its initial scheduling conference with the parties' counsel. Both at the conference and by confirming written docket control order, the district court established pre-trial deadlines and set the case for trial on the two-week docket beginning February 10, 1995. Pursuant to the docket control order, the parties' joint pretrial order was due for filing no later than February 3, 1995.

Unable to contact Dorsey's counsel in advance of the filing deadline for the joint pretrial order, counsel for Planet Insurance Co. ("Planet") timely filed the defendants' portion of the pretrial order. Dorsey's counsel then failed to appear at the February 10, 1995 trial docket call that had been orally announced at the initial scheduling conference on July 15, 1994, and confirmed by written docket control order issued on the same date. The trial court re-set the trial docket call for February 13, 1995.

Dorsey's counsel appeared at the re-set trial docket call on February 13, 1995. At that time, Dorsey requested leave to file plaintiff's portion of the pretrial order and to tardily furnish expert qualifications for previously designated experts. Although the trial court initially granted the defendants' motion to strike Dorsey's witness list, it apparently reconsidered this ruling at a later date when

it gave Dorsey an additional fifteen days to designate experts. The court also ordered the parties to participate in mediation, and ordered them to report for a second trial docket call on May 12, 1995, in the event the case was not settled at mediation.

Mediation produced no results. On May 11, 1995, one day before the trial docket call, Dorsey's counsel filed a designation of his intent to call a specially retained expert as a witness at trial and accompanied the tardy designation with a report of the proposed expert witness and a resumé of his qualifications. At the May 12, 1995, trial docket call the defense announced "ready" for trial subject to the court's ruling on Dorsey's ability to use the late-designated expert. Again, the trial court granted Dorsey a concession, permitting him to tardily designate the expert contingent only upon the defendants being afforded an opportunity to depose Dorsey's expert. In order to accommodate Dorsey's late designation, the court granted a second delay. The parties then consented to proceed before a magistrate judge and the case was set for trial on July 24, 1995, at 9:00 a.m. The oral announcement of the trial date was memorialized by written order issued to all parties.

The week before the scheduled trial date, the trial court's coordinator contacted Dorsey's counsel to confirm the trial setting. On Monday, July 24, 1995, the magistrate took the bench and called the case to trial. The defendants announced ready. However, neither Dorsey nor his counsel appeared. The defendants then moved the court to dismiss Dorsey's case for want of prosecution. The magistrate granted the defendants' motion and dismissed the case with prejudice.

On August 1, 1995, Dorsey filed his motion for new trial. In his motion, Dorsey's counsel stated that he became severely ill at 10:00 a.m. on July 23, 1995. Dorsey's counsel claimed that as a result of this illness he was unable to appear for trial. However, Dorsey failed to apprise the court of this alleged illness prior to the court's decision to dismiss his case. Instead, Dorsey apparently entrusted the matter to his secretary, who apparently understood the trial setting to be a hearing. The secretary eventually contacted the court to offer Dorsey's counsel's excuse of illness. The magistrate did not credit this excuse and denied Dorsey's motion for new trial on August 10, 1995. Dorsey then appealed the magistrate's dismissal of his claim for want of prosecution.

## II.

■ Dorsey argues that the district court abused its discretion when it denied his motion for continuance. This court reviews a district court's denial of a motion for continuance for abuse of discretion. *Johnston v. Harris County Flood Control Dist.,* 869 F.2d 1565 (5th Cir.1989), *cert. denied,* 493 U.S. 1019, 110 S.Ct. 718, 107 L.Ed.2d 738 (1990). However, as noted by the magistrate in her order denying Dorsey's motion for new trial, Dorsey neither filed a motion for continuance nor did he orally make a motion for continuance to the court. Consequently, our review is limited to examining the lower court's decision to dismiss Dorsey's suit with prejudice.

Rule 41(b) authorizes a district court to dismiss with prejudice an action for want of prosecution by the plaintiff. In reviewing a district court's decision to dismiss under Rule 41(b), we reverse only if we find an abuse of discretion. This circuit has, however, consistently held that rule 41(b) dismissals with prejudice will be affirmed only upon a showing of a clear record of delay or contumacious conduct by the plaintiff, ... and where lesser sanctions would not serve the best interest of justice.

*Salinas v. Sun Oil Co.,* 819 F.2d 105, 106 (5th Cir.1987) (internal citations and quotations omitted).

### A. Contumacious conduct

■ Dorsey failed to timely file a joint pretrial order. Dorsey failed to appear for the first duly scheduled trial docket call on February 10, 1995. Dorsey appeared but was not ready to go to trial at the re-set trial docket call on February 13, 1995. The trial court again re-set docket call for May 12, 1995. Then, on May 11, 1995, Dorsey tardily designated an expert, just one day before the second trial docket call was set. Dorsey had to know that if the court granted his request

to tardily designate an expert witness then the trial would again be delayed. The trial court's generous decision to permit Dorsey's late designation again delayed the trial until July 24, 1995. Dorsey then failed to appear for trial on July 24, 1995, and the magistrate dismissed the action. Rather than personally contacting the court, Dorsey deemed it adequate to instruct a secretary to phone an unidentified court employee to relay the message that counsel was sick and would not be appearing. Based upon these facts we find that Dorsey's actions constituted contumacious conduct.

### B. Best interests of justice

■ Considering the history of the case, the fact that the case had been called to trial with no appearance by Dorsey or his counsel, the fact that no motion for continuance had been filed, the fact that the case manager could confirm Dorsey's counsel's personal knowledge of the trial, and the fact that this was the third time the trial had been rescheduled in an effort to accommodate Dorsey, all indicate that there were no lesser sanctions available to the trial court that would have served the best interests of justice. Consequently, we find that the district court did not abuse its discretion when it dismissed Dorsey's action with prejudice. See Woodson v. Surgitek, 57 F.3d 1406, 1418 (5th Cir.1995) (district court's decision to involuntarily dismiss action with prejudice did not constitute an abuse of discretion even when the sanctionable conduct was attributable to counsel rather than to the plaintiff directly).

### III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.