IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40901
Summary Calendar
_____


TIMOTHY A. AGUILAR,

                                        Plaintiff-Appellant,

versus

JAMES A. SHAW et al.,

                                        Defendants,

FNU GIDDENS, Officer; UNIDENTIFIED
FOX; DONALD CHASTAIN; UNIDENTIFIED
ANDERSON; JESSE DUNCAN,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:94-CV-1042
- - - - - - - - - - -
October 20, 1997
Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

     Texas prisoner Timothy Aguilar, no. 647166, appeals the

magistrate judge's final judgment following a bench trial in his

42 U.S.C. § 1983 action.

     Although Aguilar contends that the magistrate judge abused

her discretion when she ordered the clerk to strike his motion

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

for a jury trial, he waived his right to a jury trial by not timely objecting to the magistrate judge's action. See <u>Wauhop v. Allied Humble Bank, N.A.</u>, 926 F.2d 454, 455-56 (5th Cir. 1991). The magistrate judge did not err by denying Aguilar's motion to amend his complaint. See <u>Baker v. Putnal</u>, 75 F.3d 190, 196 (5th Cir. 1996). The magistrate judge did not abuse her discretion by denying Aguilar's motion to file a supplemental complaint. See <u>Lewis v. Knutson</u>, 699 F.2d 230, 239 (5th Cir.(Tex. 1983).

The magistrate judge did not abuse her discretion by denying writs of habeas corpus ad testificandum and subpoenas requested by Aguilar. See <u>Cupit v. Jones</u>, 835 F.2d 82, 86 (5th Cir. 1987); <u>Ballard v. Spradley</u>, 557 F.2d 476, 480 (5th Cir. 1977). The magistrate judge did not abuse her discretion by denying Aguilar's motion to compel disclosure. See <u>Richardson v. Henry</u>, 902 F.2d 414, 417 (5th Cir. 1990). The magistrate judge did not abuse her discretion by denying Aguilar's motion for continuance. See <u>Dorsey v. Scott Wetzel Services, Inc.</u>, 84 F.3d 170, 171 (5th Cir. 1996); <u>see also</u> <u>Transamerica Insurance Co. v. Avenell</u>, 66 F.3d 715, 721 (5th Cir. 1995). The magistrate judge did not abuse her discretion by denying his motion regarding sanctions and inference to be drawn due to spoilation of evidence prior to trial. See <u>Polanco v. City of Austin</u>, 78 F.3d 968, 982 (5th Cir. 1996).

Although Aguilar argues that the magistrate judge abused her discretion by denying his various motions for injunctive relief,

this issue was previously decided against Aguilar in an interlocutory appeal and is established as law of the case. The magistrate judge did not abuse her discretion by denying his motions. See Royal Ins. Co. of America v. Quinn-L Capital Corp., 3 F.3d 877, 881 (5th Cir. 1993). The magistrate judge did not abuse her discretion by denying the request for a Government-paid transcript. See Oliver v. Collins, 904 F.2d 278, 282 (5th Cir. 1990).

Although Aguilar challenges the magistrate judge's findings of fact, the fact findings are not clearly erroneous. See Seal v. Knorpp, 957 F.2d 1230, 1234 (5th Cir. 1992). Aguilar abandoned his concerns regarding the magistrate judge's conclusions of law by not arguing them in his brief. See Price v. Digital Equip. Corp., 846 F.2d 1026, 1028 (5th Cir. 1988).

AFFIRMED.