# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 98-40415
Summary Calendar

---

ERBEY FLORES,

Plaintiff-Appellant,

versus

NELL LOWE, District Clerk, Polk County, Texas, Et Al.,

Defendants,

NELL LOWE, District Clerk, Polk County, Texas,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Texas
(9:96-CV-215)

---

January 14, 2000

Before POLITZ, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Erbey Flores, a Texas prisoner, appeals the bench trial dismissal of his 42 U.S.C. § 1983 action against Nell Lowe, clerk of the state court in Polk County, Texas, and others. Flores contends that the district court erred by abusing its discretion in: (1) declining to defer its ruling on defendant Wilma Robinson's summary judgment motion;[1] (2) declining to continue the trial; (3) holding Flores

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]Prior to trial on the claims against Lowe, the trial court dismissed the claims against Robinson, a Texas Department of Criminal Justice nurse.

to the same standard as an attorney during the trial; (4) failing to address the claims that Lowe confiscated his state petition; (5) failing to allow Flores to call three witnesses; (6) setting the case on Track 2 under the Civil Justice Expense and Delay Reduction Plan for the Eastern District of Texas, thus violating his equal protection rights; and (7) denying his post-trial Rule 60(b) motion.[2]

Our review of the record reflects no abuse of discretion in the court's proceeding to consider and grant Robinson's summary judgment motion. The affidavit Flores proposed to submit in opposition thereto would not have added relevant evidence.[3]

Flores advances no legitimate reason why the trial should have been continued and the court's declining to do so was not an abuse of discretion.[4] Nor does Flores cite to any instance at trial when he was held to the standard of an attorney. The court neither prevented a question nor declined to consider any argument because of its phrasing.

As to the challenge to the court's ruling on several proposed witnesses, we likewise find no abuse of discretion. The testimony Flores wished to elicit would have been repetitious and cumulative given the facts to which the parties stipulated at the beginning of the trial.[5]

---

[2]Fed. R. Civ. P. 60(b).

[3]**See** Fed. R. Civ. P. 56(f); **Krim v. BancTexas Group, Inc.**, 989 F.2d 1435 (5th Cir. 1993).

[4]**Dorsey v. Scott Wetzel Services, Inc.**, 84 F.3d 170 (5th Cir. 1996).

[5]**Harvey v. Andrist**, 754 F.2d 569 (5th Cir. 1985).

The contention that the court failed to address the claims that Lowe confiscated his state petition does not pass muster. The court found that Lowe's actions as clerk complied with Texas law in all respects. Necessarily included in this ruling was a rejection of the alleged confiscation claim.

Flores has not shown any prejudice as a consequence of his action being placed on Track 2 of the Eastern District's litigation management plan. The suggestion that his equal protection rights were impaired is totally without merit.

Finally, Flores' contention that the trial court erred in denying his Rule 60(b) motion is not properly before the court. There has been no timely notice of appeal of the denial of this motion, which was filed after Flores appealed the judgment dismissing his § 1983 claims. This court therefore lacks jurisdiction to review the ruling on the Rule 60(b) motion. An appeal on the merits does not include an appeal of any subsequent Rule 60(b) ruling. A separate notice of appeal is required.[6] AFFIRMED.

---

[6]**Williams v. Chater**, 87 F.3d 702 (5th Cir. 1996).

3