IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41109
Summary Calendar
_____

AUGUSTUS CONRAD WILLIAMS,

Plaintiff-Appellant,

versus

JOEY MISSILDINE, Correctional Officer III

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:01-CV-184
--------------------
March 1, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Augustus Conrad Williams, TDCJ #615597, appeals the
dismissal of his 42 U.S.C. § 1983 complaint pursuant to FED.
R. CIV. P. 41(b).  The district court dismissed the complaint
when Williams failed to submit documentation of the exhaustion of
his administrative remedies.  Because the dismissal occurred
after the expiration of the applicable limitations period, the
dismissal was effectively with prejudice.  See Long v. Simmons,
77 F.3d 878, 879-80 (5th Cir. 1996).  We will affirm such a
dismissal "only upon a showing of a clear record of delay or

_____

   * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

contumacious conduct by the plaintiff," and when "lesser sanctions would not serve the best interest of justice." <u>Dorsey v. Scott Wetzel Serv., Inc.</u>, 84 F.3d 170, 171 (5th Cir. 1996).

Williams first argues that he was not required to exhaust his administrative remedies under <u>Wright v. Hollingsworth</u>, 201 F.3d 663 (5th Cir. 2000). However, on rehearing, we held that an inmate must exhaust his administrative remedies prior to filing suit regardless of the types of relief sought or available through the administrative process. See <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001).

Williams also argues that he already sent documentation of the exhaustion of his administrative remedies to the court. We take judicial notice of the documentation Williams sent to the district court as part of a prior 42 U.S.C. § 1983 complaint against this same defendant based on the same factual allegations. Because both complaints involve the same parties and the same claims, and judgment in the first action was rendered by a court of competent jurisdiction, the instant complaint is barred by the doctrine of res judicata. See <u>Marts v. Hines</u>, 117 F.3d 1504 (5th Cir. 1997) (stating that dismissals under the in forma pauperis statute "may serve as res judicata for subsequent in forma pauperis filings"); <u>see also</u> <u>Ellis v. Amex Life Ins. Co.</u>, 211 F.3d 935, 937 (5th Cir. 2000); <u>Nagle v. Lee</u>, 807 F.2d 435, 439 (5th Cir. 1987).

Therefore, the district court's dismissal is AFFIRMED. <u>See</u> <u>Bickford v. Int'l Speedway Corp.</u>, 654 F.2d 1028, 1031 (5th Cir. 1981).