IN THE UNITED STATES COURT OF APPEALS
                          FOR THE FIFTH CIRCUIT

                          _____

                                No. 01-30474
                               Summary Calendar
                          _____


YORAM RAZ,

                                              Plaintiff-Appellant,

versus

JOE STOREY; BRANDON HUCKABY; RODNEY WARREN; GLENN CHOATS; ALANZO
ALFORD; BOBBY L. CONLY; ADRIAN BATCHELOR; ROYALENE PERMENTER;
WALTER FRANCIS PETERSON, also known as Pete Peterson; LEROY A.
BIRNBROOK; MIKE FERRIS; RICHARD PERMENTER,

                                              Defendants-Appellees.

                          --------------------
                 Appeal from the United States District Court
                     for the Western District of Louisiana
                            USDC No. 99-CV-1850
                          --------------------
                              March 18, 2002

Before DeMOSS, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Yoram Raz appeals the district court's dismissal of his 42

U.S.C. § 1983 action for failure to prosecute.  Raz argues that

the district court abused its discretion in dismissing his action

for failure to comply with the scheduling order, in not giving

him notice prior to dismissal, and in finding that his conduct

was contumacious.  He also argues that the district court judge

was biased against him because he had dismissed a previous case

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

filed by Raz as frivolous.  The district court was not required to provide notice prior to dismissing the action.  See Rogers v. Kroger, 669 F.2d 317, 319-20 (5th Cir. 1982).  The district court found that Raz attempted several times to have the court modify the scheduling order and after these attempts failed, he failed to comply with the scheduling order; that the imposition of a $1000 sanction had no effect on Raz's compliance with the scheduling order; and that the delays were attributable to Raz's conduct alone.  Therefore, the district court did not abuse its discretion in dismissing Raz's 42 U.S.C. § 1983 action for failure to prosecute.  See Dorsey v. Scott Wetzel Serv., Inc., 84 F.3d 170, 171 (5th Cir. 1996); Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992).  Raz has not shown that the district court judge was biased against him because he had dismissed a prior case filed by Raz as frivolous; adverse rulings alone do not call into question a judge's impartiality.  See Liteky v. United States, 510 U.S. 540, 555 (1994).  Raz's motion for leave to supplement the record excerpts with a copy of his motion to disqualify Magistrate Judge Payne is DENIED because the motion is already included in the appellate record.

AFFIRMED; MOTION DENIED.