United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10426
Conference Calendar

_____

TRAVIS MARK SMITH,

Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL
DIVISION; TEXAS DEPARTMENT OF CRIMINAL JUSTICE; TEXAS
DEPARTMENT OF CRIMINAL JUSTICE BOARD OF PARDONS AND PAROLES;
TEXAS DEPARTMENT OF CRIMINAL JUSTICE INTERNAL AFFAIRS
DIVISION; WAYNE SCOTT; GARY JOHNSON; LEON GUINN; JAMES DUKE;
MARGO GREEN; JAMES MOSSBARGER; ROBERT EASON; CARY COOK;
EMILY BOND; UPHENDRA KATTRAGADDA; GREGORY OLIVER; RONALD
GLOYD; RONALD HAMM; HENRY PENPEK; STATE CLASSIFICATION
COMMITTEE BUREAU OF RECORDS AND CLASSIFICATION; EDWARD
ADAMS; JENNIFER COZBY; STANLEY WILSON; EDWARD RILEY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:01-CV-206
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Travis Mark Smith, Texas inmate #684080, appeals the denial

of a motion to reopen his civil rights complaint filed pursuant

to 42 U.S.C. § 1983.  Smith's motion is construed as arising

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

under FED. R. CIV. P. 60(b).  See Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 470 (5th Cir. 1998).  The denial of a Rule 60(b) motion does not bring up the underlying judgment for review and is not a substitute for appeal.  See Matter of Ta Chi Navigation (Panama) Corp. S.A., 728 F.2d 699, 703 (5th Cir. 1984).  We review the denial of a FED. R. CIV. P. 60(b) motion for an abuse of discretion.  Travelers Ins. Co. v. Liljeberg Enter., 38 F.3d 1404, 1408 (5th Cir. 1994).

"Rule 41(b), [FED. R. CIV. P.], authorizes a district court to dismiss with prejudice an action for want of prosecution by the plaintiff."  Dorsey v. Scott Wetzel Serv., 84 F.3d 170, 171 (5th Cir. 1996).  Rule 41(b) dismissals are affirmed "only upon a showing of a clear record of delay or contumacious conduct by the plaintiff, . . . and where lesser sanctions would not serve the best interest of justice."  Id.

The record shows and Smith concedes that he received the district court's initial order to file an amended complaint. Smith did not comply with the order.  He now argues that compliance was impossible and was not warranted because he did not receive the district court's second order and notice of the dismissal, he had filed his initial complaint on the proper form, and compliance with the district court's initial order would have been impossible.  The record shows that Smith demonstrated the ability to file pleadings and contact the court.

The case file shows a clear record of delay and contumacious conduct on the part of Smith in failing to comply with the district court's orders. <u>Dorsey</u>, 84 F.3d at 171. Smith has not shown that the district court's denial of his motion to reopen was an abuse of discretion. <u>Travelers Ins. Co.</u>, 38 F.3d at 1408. Accordingly, the judgment is AFFIRMED.