**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 24, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-61063
Summary Calendar

EZELL WASH; ET AL.,

Plaintiffs,

EZELL WASH; KENNETH DENNIS; DESMOND EARL PHILLIPS;
BOBBY CALDWELL; JIMMY POWELL; ROBERT PRICE; GLENDALE SONES;
RICHARD SIMS, JR.; JAMES REED,

Plaintiffs-Appellants,

versus

ROBERT JOHNSON, Commissioner; JAMES ANDERSON; WALTER BOOKER;
W. L. HOLMAN; ROBERT ARMSTRONG; GENE CROCKER; EARL JACKSON;
JESSIE STREETER; CHRISTOPHER EPPS; LARRY KEYS; PAMELY LEE;
CHARLES THOMAS; GLENN ADAMS; WILLIE WALKER; CASE MANAGER JACKSON;
SAM WEBB; JACQILYN MAXWELL; MAUD IRBY; JOE CONNERS; FRANK
GRAMMAR; LARRY HARDY; JOHN DOE(S), Liability Surities/Bonding
Companies of All Defendants,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:00-CV-315-P-D

Before HIGGINBOTHAM, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

The appellants, pro se plaintiffs in a civil rights suit

filed under 42 U.S.C. § 1983, appeal the dismissal of their suit

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under FED. R. CIV. P. 41(b) for failure to comply with an order of the court. The appellants' argument that the appellees' brief should be stricken is without merit inasmuch as the brief was mailed prior to the deadline and conformed with FED. R. APP. P. 28.

Rule 41(b) authorizes the sua sponte dismissal with prejudice of an action for the failure of the plaintiff to prosecute. Rule 41(b) dismissals are reviewed for abuse of discretion. <u>Dorsey v. Scott Wetzel Servs.</u>, 84 F.3d 170, 171 (5th Cir. 1996). Rule 41(b) dismissals, however, are affirmed "only upon a showing of a clear record of delay or contumacious conduct by the plaintiff, . . . and where lesser sanctions would not serve the best interest of justice." <u>Id.</u>

The instant case does not reveal a clear record of delay or contumacious conduct on the part of the <u>pro</u> <u>se</u> plaintiffs. Soon after the district court stayed discovery pending resolution of the defendants' qualified immunity defenses, the plaintiffs attempted to address those defenses by pointing to their fact-specific complaint and amended complaint. Additionally, prior to the court's January 4, 2002, deadline, the plaintiffs sought to declare the defendants' third, fifth, and sixth immunity defenses inapplicable as a matter of law. In that filing, the plaintiffs explained that the only remaining affirmative defense was the defendants' claim to qualified immunity under federal law and that they needed access to their legal files, which the defendants had denied, to prepare such a response.

2

The plaintiffs' June 19, 2002, request for more time was also filed prior to the district court's July 3, 2002, deadline. The plaintiffs iterated that they needed their legal files to comply with the court's order to file a reply to the defendants' immunity defenses. Thus, although the plaintiffs did not file the reply ordered by the district court by the deadlines that the district court had extended to them, they filed pleadings prior to the deadlines explaining why they were unable to do so.

As noted above, this court affirms Rule 41(b) dismissals only when lesser sanctions would not serve the best interest of justice. Dorsey, 84 F.3d at 171. The district court in the instant case, as a lesser sanction, could have simply denied the plaintiffs' request for an extension of time to file the reply ordered by the district court pursuant to Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995)(en banc), without dismissing the plaintiffs' complaint.

Additionally, in determining whether to affirm a Rule 41(b) dismissal, this court looks to the degree of actual prejudice to the defendant arising from the plaintiff's failure to comply with a court order. Rogers v. Kroger Co., 669 F.2d 317, 320 & n.5 (5th Cir. 1982); see also Pardee v. Moses, 605 F.2d 865, 867 (5th Cir. 1979). In this case, the plaintiffs' complaint and amended complaints are fact-specific as to how they believe they were harmed by the defendants' conduct; whether the pleadings meet the heightened pleading requirements that Schultea sought to

3

enforce, and whether they will suffice to respond to the district court's order, have yet to be decided.

In light of the plaintiffs' efforts to address the district court's order to file a <u>Schultea</u> reply, the availability of a lesser sanction, and the lack of prejudice sustained by the defendants, the district court's Rule 41(b) dismissal is **VACATED**, and the case is **REMANDED** to the district court for further proceedings.

The motion of Gary Moore asking this court to reconsider and vacate the dismissal of his appeal for his failure to pay the filing fee in full is **DENIED**.

**VACATED** and **REMANDED**; **MOTION DENIED**.