# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2008

Charles R. Fulbruge III
Clerk

No. 08-60153
Summary Calendar

---

BETTY BERRY; JAMES MINTER; GEORGE DEATON; LUKE FUNCHESS;
HERMAN MAY

Plaintiffs-Appellants

v.

BORG WARNER; KUHLMAN CORPORATION; PFIZER INC; PHARMACIA
CORPORATION, formerly known as Monsanto Chemical Company

Defendants-Appellees

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CV-134

---

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Betty Berry, James Minter, George Deaton, Luke Funchess, and Herman May (collectively, the "Plaintiffs-Appellants") are among the approximately 160 original plaintiffs in this consolidated mass tort lawsuit who allege that they were exposed to and harmed by polychlorinated biphenyls

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("PCBs") and other chemicals from Defendant-Appellee Kuhlman Corporation's plant in Crystal Springs, Mississippi. The Plaintiffs-Appellants are the only original plaintiffs who remain in this action; all others either settled and dismissed their claims or had their claims dismissed for other reasons. The Plaintiffs-Appellants ask us to reverse the district court's dismissal of their complaint with prejudice. They insist only that the court erred by not first considering or implementing less stringent sanctions for their failure to comply with the court's case management order. Convinced that the district court's grant of the Defendants-Appellees' alternative motions for summary judgment or to dismiss for failure to prosecute was proper on either basis, we affirm.

## I. FACTS AND PROCEEDINGS

In June 2005, the district court entered a case management order requiring each plaintiff to produce, by September 15, 2005, information concerning, inter alia, his personal background, alleged exposure to PCBs, medical conditions, work history, and blood testing data, together with an affidavit from a qualified expert that the subject plaintiff's medical conditions were likely caused by exposure to PCBs from Kuhlman's plant. Possibly because the parties were engaged in settlement discussions, this deadline, and even extended deadlines, for these disclosures came and went without any of the required information being provided. Indeed, an offer of settlement was made to each of the 160 plaintiffs, and 154 accepted. The Plaintiffs-Appellants are five of the six original plaintiffs who declined the offer.

Following these settlements, the attorneys for the Plaintiffs-Appellants moved to withdraw as counsel, citing conflicts of interest. The district court permitted withdrawal and granted the Plaintiffs-Appellants thirty days within which to retain new council or to notify the court that they were representing themselves. After the district court extended the time for the Plaintiffs-Appellants to employ new counsel, and just before this new deadline passed, the

Plaintiffs-Appellants informed the court of their intention to represent themselves.

A couple months later, in October 2006, Defendants-Appellees BorgWarner, Inc. and Kuhlman Corporation moved for summary judgment or, in the alternative, to dismiss for failure to prosecute, citing, inter alia, the Plaintiffs-Appellants' failure to come forward with testimony from a qualified expert indicating that they had illnesses caused by exposure to PCBs from Kuhlman's plant. The Plaintiffs-Appellants objected, insisting that they had essentially been abandoned by their attorneys and that they were not even aware of the requirements of the case management order. Given these circumstances, the district court denied the alternative motions at that time and ordered the Plaintiffs-Appellants to produce the documentation required by the case management order by January 8, 2007, warning that their failure to do so would result in the dismissal of their claims. Shortly before this deadline, the Plaintiffs-Appellants moved for another extension. The district court granted this motion and ordered the Plaintiffs-Appellants to respond by February 20, 2007, stating that no further extensions would be granted.

Around this same time, the Plaintiffs-Appellants had petitioned the court for assistance in obtaining records from their former counsel. The district court made available to the Plaintiffs-Appellants, beginning January 8, 2007, thirty-four boxes that were believed to contain documents responsive to the case management order. On March 9, 2007, Nathanial Armistad, one of the attorneys who had withdrawn from the case and whose firm had provided the Plaintiffs-Appellants with access to the boxes, filed an affidavit in which he explained, inter alia, that (1) the Plaintiffs-Appellants did not show up to view the boxes until February 1st, at which time they spent less than four hours reviewing the documents; (2) they never again requested access to the documents; and (3) no written expert reports were issued in the case with the exception of preliminary

PCB level data, which had already been made available to the Plaintiffs-Appellants.

Following receipt of Armistad's affidavit, and despite the court's prior admonishment that no further extensions would be forthcoming, the court granted the Plaintiffs-Appellants yet another "final extension," ordering them to file their disclosures by March 21, 2007, which they did. After reviewing the disclosures, the district court dismissed their complaint with prejudice, holding that the Plaintiffs-Appellants (1) had failed to comply with the case management order, and (2) did not have sufficient evidence to support their claims. The Plaintiffs-Appellants filed a motion to reconsider, yet again insisting that they could not be faulted for their failure to make the necessary disclosures because they were unrepresented and unaware of what was required by the case management order. At that same time, attorney Michael S. Allred filed a motion requesting that he be allowed to appear on behalf of the Plaintiffs-Appellants in the event that the court granted their motion for reconsideration. Attached to Allred's motion were the affidavit and expert report of Dr. David O. Carpenter, a qualified toxicologist. The district court concluded that the record belied the Plaintiffs-Appellants' assertions and thus denied their motion for reconsideration, which mooted Allred's conditional request.

## II. ANALYSIS

On appeal, the Plaintiffs-Appellants contend that the district court erred by not considering or implementing less severe alternative sanctions before resorting to dismissal. The record, however, plainly reveals that the court provided the Plaintiffs-Appellants with numerous opportunities to comply with its case management order before dismissing their complaint. The Plaintiffs-Appellants were granted no less than three separate extensions over a seven-month period to provide the required disclosures. Moreover, each time it granted an extension, the court cautioned the Plaintiffs-Appellants of the

consequence for failing to meet the applicable deadline. When the district court granted the first extension, it warned the Plaintiffs-Appellants that their claims would be dismissed with prejudice if they did not meet the extended deadline; when it granted the second extension, the court informed them that no further extensions would be provided; and when the court granted a third and final extension after reviewing Armistad's affidavit, it notified them that "[u]pon failure of any plaintiff to provide any of the information required by the case management order, that plaintiff's claim will be dismissed."

It is pellucid to us that the district court considered and in fact implemented less drastic alternative sanctions than dismissal when it afforded the Plaintiffs-Appellants repeated opportunities to comply with its order, each time advising them of the consequence if they failed to meet the respective deadline.[1] Because (1) there is a clear record of delay and contumacious conduct by the Plaintiffs-Appellants, and (2) the district court attempted lesser sanctions (and even helped provide the Plaintiffs-Appellants with access to the required information),[2] we hold that the court did not abuse its discretion when at long last it dismissed the Plaintiffs-Appellants' complaint for failure to comply with the court's case management order.[3]

Furthermore, summary judgment in favor of the Defendants-Appellees was proper because, at the time the district court dismissed the complaint, the

---

[1] See, e.g., Callip v. Harris County Child Welfare Dep't, 757 F.2d 1513, 1521 (5th Cir. 1985) ("Providing plaintiff with a second or third chance following a procedural default is a 'lenient sanction,' which, when met with further default, may justify imposition of the ultimate sanction of dismissal with prejudice.").

[2] Dorsey v. Scott Wetzel Serv., 84 F.3d 170, 171 (5th Cir. 1996) (holding that dismissal for failure to prosecute "will be affirmed only upon a showing of a clear record of delay or contumacious conduct by the plaintiff, . . . and where lesser sanctions would not serve the best interest of justice").

[3] See Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998) ("We review a dismissal for want of prosecution or failure to obey a court order for abuse of discretion.").

Plaintiffs-Appellants had not produced any evidence of causation, an essential element of their claims. Notably, the Plaintiffs-Appellants failed to provide the affidavit of a qualified expert stating that their alleged medical conditions were likely caused by exposure to PCBs or other chemicals from Kuhlman's plant. Although the Plaintiffs-Appellants attempted to introduce expert testimony in the form of Dr. Carpenter's report after the district court had dismissed their complaint, introduction of this evidence was contingent on the Plaintiffs-Appellants' motion for reconsideration, which the court denied. Accordingly, we agree with the district court that, based on the evidence that was properly admitted, there was no "expert testimony, report or affidavit stating that any plaintiff suffers from any medical condition that was likely caused by exposure to PCBs," without which the Plaintiffs-Appellants could not prove their claims.

The district court's dismissal of the Plaintiffs-Appellants' complaint with prejudice is
AFFIRMED.